(46 P.3d 561)

No. 87,155

STATE OF KANSAS, *Appellee*, v. OSCAR J. HALL, JR., *Appellant*.

—

Opinion filed May 17, 2002.

*Sarah Ellen Johnson*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Wendy A. Wussow*, assistant county attorney, *Matt Treaster*, county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before KNUDSON, P.J., BEIER and JOHNSON, JJ.

KNUDSON, J.: Oscar J. Hall, Jr., appeals the revocation of his felony probation and the district court's order that the underlying sentence of 30 months is to be served. Hall raises two issues on appeal: (1) Did the district court err in concluding it had no jurisdiction to modify the term of imprisonment, and (2) did the district court abuse its discretion in denying a continuance of the revocation hearing?

We conclude the district court did have jurisdiction to modify the sentence. Our decision renders moot the abuse of discretion issue. We remand to the district court for consideration of its sentencing discretion under K.S.A. 2001 Supp. 22-3716(b).

In 1997, Hall was convicted of possession of cocaine, and the district court imposed a dispositional departure sentence of 30 months. Hall was placed on probation for 36 months. On March 22, 2001, Hall's probation was revoked. The district court noted Hall would be required to serve the 30-month sentence because:

"I don't have a third alternative. I can't send him to prison to do say, 12 or 14 months of time and then bring him back out. *The law doesn't permit modification of sentence.* He has received the criminal sentence back in 1997, that's fixed, that's unchangeable. I can't change it to 29 [months], I can't increase it to 31 months. We are stuck with it . . . ." (Emphasis added.)

K.S.A. 2001 Supp. 22-3716(b) states, in material part, that upon a finding the defendant has violated the terms of probation, the district court "may require the defendant to serve the sentence imposed, *or any lesser sentence*." (Emphasis added.) This apparent grant of discretion to modify a sentence previously imposed appears to be inconsistent with provisions of the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, which do not provide for sentence modification. See *State v. Miller*, 260 Kan. 892, 900, 926 P.2d 652 (1996); *State v. Smith*, 26 Kan. App. 2d 272, 273-74, 981 P.2d 1182, *rev. denied* 268 Kan. 854 (1999).

This issue was specifically addressed by the Kansas Supreme Court in *State v. McGill*, 271 Kan. 150, 22 P.3d 597 (2001). The court held: "Upon revocation of probation, K.S.A. 2000 Supp. 22-3716(b) grants jurisdiction to a sentencing court to impose the underlying sentence or any lesser sentence." 271 Kan. 150, Syl. *Smith* and *Miller* were distinguished as cases wherein probation was not granted and the district court "attempt[ed] to modify sentences after the sentences were imposed and incarceration was to begin." 271 Kan. at 153. In short, K.S.A. 2001 Supp. 22-3716(b) was not implicated in *Miller* or *Smith*.

There remains the question as to whether *McGill* is materially distinguishable from the case on appeal. We note McGill received an upward durational departure sentence, which was removed after the probation revocation proceeding. The district court then imposed a presumptive sentence under the sentencing guidelines. 271 Kan. at 151. Thus, the distinguishing circumstance—McGill's "lesser sentence"—was within the presumptive guidelines for the crime committed, whereas any downward modification of Hall's sentence would be less than a presumptive sentence under the guidelines.

In *McGill*, Chief Justice McFarland said:

"K.S.A. 22-3716 was significantly amended during the 2000 legislative session. L. 2000, ch. 182, § 8. The parties do not contend that the amendments apply in this case. However, the language of the emphasized portion of the statute [stating the court "may require the defendant to serve the sentence imposed, or any lesser sentence"] predates the enactment of the KSGA and has remained unchanged

despite the significant amendments occurring in 2000. See K.S.A. Supp. 2000 22-3716(b).

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Vega-Fuentes*, 264 10, 14, 955 P.2d 1235 (1998).

"Under the plain language of K.S.A. 2000 Supp. 22-3716(b), the district court, upon revoking probation, may impose a lesser sentence." 271 Kan. at 154.

We believe *McGill* means what it states. There is no indication the broad holding of the Supreme Court would limit the district court's discretion to imposition of a presumptive guidelines sentence. Accordingly, we hold the district court erred in concluding it was without jurisdiction to modify Hall's sentence upon revoking probation. We remand to the district court for further consideration as to whether Hall's sentence should be reduced.

Our holding makes moot the abuse of discretion issue arising out of the district court's refusal to grant a continuance.

Remanded with directions.