(212 P.3d 246)

No. 99,614

STATE OF KANSAS, *Appellee*, v. ORLANDO PAUL CISNEROS,
*Appellant*.

Opinion filed July 31, 2009.

*Rachel L. Pickering*, of Kansas Appellate Defender Office, for appellant.

*Chadwick J. Taylor*, district attorney, *Jamie L. Karasek*, assistant district attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., GREEN and STANDRIDGE, JJ.

MALONE, J.: Orlando Paul Cisneros appeals the district court's revocation of his probation and order to serve his underlying prison sentence. The only issue on appeal is whether the district court erred in ruling that it lacked jurisdiction to reduce the term of

Cisneros' sentence upon revoking his probation. We reverse and remand with directions.

On March 2, 2007, Cisneros was convicted of one count of rape, five counts of aggravated indecent liberties with a child, eight counts of criminal sodomy, and three counts of aggravated criminal sodomy. The district court imposed a presumptive term of 155 months' imprisonment but granted a dispositional departure and placed Cisneros on probation for 36 months.

On August 9, 2007, Cisneros appeared before a different judge at a probation violation hearing. After hearing testimony from the intensive supervising probation officer that Cisneros used drugs in violation of his probation agreement, the district court revoked Cisneros' probation. As to disposition, Cisneros requested the district court to reinstate his probation. The State requested the district court to impose the original sentence and "not a lesser sentence." In making his ruling, the district judge stated, "When the suggestion was made earlier about a lesser sentence, I don't have the power to lower the 155 months that Judge Dowd gave. That is not within my power here." The district court ordered that Cisneros serve his original sentence of 155 months in prison. Cisneros timely appeals.

Relying on K.S.A. 22-3716(b), Cisneros argues the district court erred in stating it had no power to reduce the term of his sentence upon revoking his probation. Cisneros asks this court to remand his case to the district court for consideration of the statute. The State counters that (1) this court has no jurisdiction to review a presumptive sentence and (2) K.S.A. 22-3716(b) does not require the district court to expressly consider imposing a lesser sentence, especially where Cisneros did not request that it do so, and the district court did not abuse its discretion in ordering that the original sentence be served.

This case requires this court to consider whether the district court properly interpreted and applied K.S.A. 22-3716(b). Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Storey*, 286 Kan. 7, 16, 179 P.3d 1137 (2008).

Pursuant to K.S.A. 22-3716(b), upon a finding that the defendant has violated the terms of probation, the district court may "continue or revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and may require the defendant to serve the sentence imposed, *or any lesser sentence*, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." (Emphasis added.)

The State first argues that Cisneros received a presumptive sentence and this court has no jurisdiction to review a presumptive sentence pursuant to K.S.A. 21-4721(c)(1). In *State v. Muse,* No. 97,188, unpublished opinion filed August 10, 2007, *rev. denied* 285 Kan. 1176 (2007), the district court revoked the defendant's probation and ordered him to serve his underlying presumptive sentence. At the hearing, the district court specifically rejected the defendant's request to reduce the term of the sentence pursuant to K.S.A. 22-3716(b). On appeal, this court determined that the district court did not abuse its discretion in revoking the defendant's probation and ordering him to serve the underlying sentence. As to the defendant's argument that the district court abused its discretion in denying his request for a reduced sentence, this court cited K.S.A. 21-4721(c)(1) and concluded the court lacked jurisdiction to consider an appeal from a presumptive sentence. Slip op. at 5.

However, our analysis of the jurisdiction issue does not end with the discussion of *Muse.* In *State v. Hall,* 30 Kan. App. 2d 669, 671, 46 P.3d 561 (2002), the defendant was convicted of possession of cocaine and received a presumptive sentence of 30 months' imprisonment, but the defendant was initially granted probation. At a subsequent hearing, the district court revoked the defendant's probation and ordered him to serve the underlying prison sentence. At the hearing, the district court indicated that it had no alternative but to impose the underlying sentence and stated, " '*The law doesn't permit modification of sentence.*' " 30 Kan. App. 2d at 669. On appeal, this court relied on K.S.A. 22-3716(b) and held the district court erred in determining it had no jurisdiction to modify the term of the defendant's sentence upon revoking his

probation. 30 Kan. App. 2d at 671. The question of whether this court had jurisdiction to consider the defendant's appeal from his presumptive sentence was not raised by the State in *Hall*.

In *State v. Schick*, 25 Kan. App. 2d 702, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999), the defendant received a presumptive sentence but argued on appeal that the district court failed to consider placement at the Labette Correctional Conservation Camp (Labette) pursuant to K.S.A. 1996 Supp. 21-4603d(a). The State argued that this court had no jurisdiction to consider an appeal of a presumptive sentence under K.S.A. 21-4721(c)(1). This court rejected the State's argument and noted that if this court had no jurisdiction to consider the defendant's argument for Labette, this would eliminate any review of whether the district court followed the mandates of K.S.A. 1996 Supp. 21-4603d(a). 25 Kan. App. 2d at 703-04.

We conclude that K.S.A. 21-4721(c)(1) is not a jurisdictional bar to Cisneros' appeal under the facts of this case. If the district court had considered a request to modify Cisneros' sentence at the probation violation hearing and had specifically rejected the request, as the district court did in *Muse*, then we might find that this court lacked jurisdiction to consider Cisneros' appeal from his presumptive sentence. In this case, however, Cisneros is not appealing the term or length of his sentence so much as he is appealing the district court's judgment that it had no power to reduce his sentence upon revoking his probation. This is a question of law that we have jurisdiction to consider on appeal. If we were to dismiss the appeal for lack of jurisdiction as the State requests, then Cisneros would have no remedy to determine whether the district court properly applied K.S.A. 22-3716(b) in his case.

Turning to the merits, the State argues that the district court was not required to expressly consider imposing a lesser sentence at the probation violation hearing because Cisneros did not request the district court to do so. The State relies on *State v. Harrison*, No. 91,966, unpublished opinion filed March 18, 2005, slip op. at 5-6. In *Harrison*, the district court revoked the defendant's probation and ordered him to serve the underlying prison sentence. The defendant did not request that his sentence be modified pur-

suant to K.S.A. 22-3716(b), and the district court made no comment about its authority to modify the sentence under the statute. For the first time on appeal, the defendant argued that the district court failed to expressly consider on the record whether his sentence could be modified at the probation violation hearing. The defendant argued that his case should be remanded to the district court to consider modifying his sentence pursuant to K.S.A. 22-3716(b). This court rejected the defendant's argument and held that K.S.A. 22-3716(b) does not mandate the district court to expressly consider on the record whether the defendant should receive a lesser sentence when no request is made for the court to do so. Slip op. at 6.

Here, at Cisneros' probation violation hearing, Cisneros requested the district court to reinstate his probation, but he made no direct request for a reduced prison sentence. However, the State raised the possibility of a reduced sentence and argued that the district court should impose Cisneros' original sentence and "not a lesser sentence." In response, the district judge stated, "When the suggestion was made earlier about a lesser sentence, I don't have the power to lower the 155 months that Judge Dowd gave. That is not within my power here."

Cisneros' case is distinguishable from *Harrison* in one important respect. In *Harrison*, the district court never indicated at the probation violation hearing that it lacked jurisdiction to reduce the defendant's sentence. The issue was simply never raised at the hearing by either party. We agree with the panel in *Harrison* that K.S.A. 22-3716(b) does not mandate the district court to expressly consider on the record whether the defendant's sentence should be modified when the issue is not raised at the probation violation hearing. But here the district court did expressly consider a reduced sentence upon revoking Cisneros' probation, and the judge made the same mistake that the judge made in *Hall* by concluding that the court did not have the power to modify the sentence.

Pursuant to K.S.A. 22-3716(b), the district court had the authority to reduce the term of Cisneros' sentence upon revoking his probation. In *State v. McGill*, 271 Kan. 150, Syl., 22 P.3d 597 (2001), the Kansas Supreme Court held on a question reserved by

the State that 22-3716(b) indeed gives the district court jurisdiction to reduce a prison sentence after the defendant's probation has been revoked. Accordingly, in this case, the district court erred when it expressed a belief at Cisneros' probation violation hearing that it did not have the power to reduce his sentence. The case is remanded to the district court to consider its authority under K.S.A. 22-3716(b).

Reversed and remanded with directions.