NOT DESIGNATED FOR PUBLICATION

No. 112,844

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

JAMES KINDER,
*Appellant.*


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed December 11, 2015. Appeal dismissed.

*Samuel Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jacob G. Fishman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., HILL and STANDRIDGE, JJ.

*Per Curiam*: James Kinder appeals his sentence following his conviction of one count of mistreatment of a dependent adult. The district court imposed a presumptive sentence of 9 months' imprisonment and placed Kinder on probation for 18 months. Kinder had jail time credit exceeding 9 months at the time of sentencing. On appeal, Kinder argues that the district court erred by sentencing him to probation and that the sentence violated the constitutional prohibitions against double jeopardy. But because an appellate court shall not review any sentence that is within the presumptive sentence for the crime, we dismiss Kinder's appeal for lack of jurisdiction.

1

On July 29, 2013, the State charged Kinder with one count of mistreatment of a dependent adult, a severity level 8 person felony. According to the complaint, Kinder had been acting as a caretaker for the victim, Joyce Wilson, and he had failed to obtain necessary medical treatment for her condition. The case proceeded in district court for several months. On June 4, 2014, the district court entered a no-contact order prohibiting Kinder from contacting Wilson or her family. Then, on July 21, 2014, Kinder pled no contest to the charge. Since Kinder had no prior convictions or adjudications, the presentence investigation report calculated his criminal history score as I, resulting in a presumptive sentence of 7 to 9 months' imprisonment with 18 months' probation

The sentencing hearing occurred on September 12, 2014. The record reflects that prior to sentencing, Kinder was held in custody on the charge for 360 days from July 26, 2013, to July 21, 2014. At the hearing, the State asked the district court to impose the standard presumptive sentence of 9 months' imprisonment with 18 months' probation. Among other probation conditions, the State requested that the district court continue the no-contact order. The State also noted that Kinder should receive 360 days of jail time credit. In response to the State's argument, defense counsel stated:

> "I would ask the Court to sentence Mr. Kinder to the standard sentence of eight months. He has just four days short of 12 months already. So basically he has completed whatever sentence he would be—he would get. I don't think that really we even need probation since he has served out his sentence. . . . [H]e's maxed out his sentence. I don't really think that there's a need for probation in this case or the terms of probation."

At the conclusion of the hearing, the district court imposed the standard presumptive sentence of 9 months' imprisonment and granted probation for 18 months. The district court extended the no-contact order as a condition of probation. The district court also awarded Kinder 360 days of jail credit. Kinder timely appealed his sentence.

2

On appeal, Kinder asserts that the district court erred by sentencing him to probation when he requested imposition of the already-served term of imprisonment. He claims that the district court's actions were contrary to the purpose of the Kansas Sentencing Guidelines Act (KSGA). Specifically, Kinder contends that "a district court cannot order him to serve a term of probation against his will." The State argues that this court does not have jurisdiction over the issue because Kinder received a presumptive sentence. In the alternative, the State argues that the district court did not err by requiring Kinder to serve probation.

Whether jurisdiction exists is a question of law over which an appellate court's scope of review is unlimited. See *State v. Reed*, 302 Kan. 227, 233, 352 P.3d 530 (2015). Moreover, the interpretation of the KSGA is a question of law subject to unlimited review. *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

K.S.A. 2014 Supp. 21-6820(c)(1) provides that an appellate court shall not review any sentence that is within the presumptive sentence for the crime. Kinder acknowledges that he received a presumptive sentence under the KSGA and that generally an appellate court may not review such a sentence. However, as an exception to the general rule, Kinder argues that an appellate court "may review claims that a district court misinterpreted what authority it had under the KSGA."

Kinder is correct that a defendant may appeal a presumptive sentence when the issue on appeal concerns whether the district court understood its authority to act under a particular statute. For instance, in *State v. Cisneros*, 42 Kan. App. 2d 376, 212 P.3d 246 (2009), the defendant was convicted of multiple sex crimes. At the initial sentencing hearing, the district court imposed a presumptive term of 155 months' imprisonment but granted a dispositional departure and placed the defendant on probation for 36 months. 42 Kan. App. 2d at 377. At a subsequent probation revocation hearing, the defendant asked

3

the district court to impose a lesser sentence. The district judge responded by stating, "That is not within my power here." 42 Kan. App. 2d at 377.

On appeal, the defendant argued that the district court erred in ruling that it lacked jurisdiction to reduce the term of his sentence upon revoking his probation. The State argued, among other things, that this court lacked jurisdiction to review a presumptive sentence. However, this court noted that under K.S.A. 22-3716(b), upon a finding that the defendant has violated the terms of probation, the district court may order the defendant to serve the original sentence *or any lesser sentence*. 42 Kan. App. 2d at 378. Under the facts of the case, this court found that K.S.A. 21- 4721(c)(1), the predecessor to K.S.A. 2014 Supp. 21-6820(c)(1), was not a jurisdictional bar to the defendant's appeal. 42 Kan. App. 2d at 379. Because the district court failed to understand its statutory authority to impose a lesser sentence at the probation revocation hearing, this court remanded the case to the district court to consider its authority under K.S.A. 22-3716(b). 42 Kan. App. 2d at 381. See also *State v. Warren*, 297 Kan. 881, 885-87, 304 P.3d 1288 (2013) (court has jurisdiction to hear appeal from a presumptive sentence when the district court misunderstood its statutory authority to grant a departure sentence when defendant possessed only a small amount of marijuana).

Kinder's case does not present a situation where the district court did not understand its authority to grant probation under the KSGA. Here, the district court granted a presumptive probation term even though Kinder did not want probation. But Kinder's brief acknowledges that "it does not appear that the KSGA has a provision that expressly prevents a district court from imposing probation in cases in which a defendant would rather serve his or her prison sentence."

On appeal, Kinder essentially is challenging the district court's denial of his request for a departure from the presumptive sentence of probation. But our Supreme Court has clearly held that Kansas appellate courts do not have jurisdiction to review the

4

denial of a request for a dispositional sentencing departure when the ultimate sentence is within the presumptive sentence for the crime. See *State v. Looney*, 299 Kan. 903, 909-10, 327 P.3d 425 (2014); *State v. Gomez*, No. 108,485, 2014 WL 643107, at *1 (Kan. 2014) (unpublished opinion) (dismissing for lack of jurisdiction appeal from denial of request for downward dispositional departure). Thus, to the extent that Kinder argues the district court erred by imposing a presumptive term of probation against his will, this court lacks jurisdiction to entertain the appeal. See K.S.A. 2014 Supp. 21-6820(c)(1).

As a separate issue, Kinder argues that the district court violated his rights under the Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and § 10 of the Kansas Constitution Bill of Rights. Specifically, Kinder contends that by requiring him to serve probation after he had received jail time credit in excess of the imposed underlying prison sentence, the district court punished him twice for his single crime of conviction. But as with Kinder's first issue on appeal, we lack jurisdiction to review Kinder's constitutional claim. Even when an appellant alleges a constitutional infirmity in his or her individual sentence, an appellate court lacks jurisdiction to review a presumptive sentence. See *State v. Tapia*, 295 Kan. 978, 998, 287 P.3d 879 (2012) (citing *State v. Huerta*, 291 Kan. 831, 839-40, 247 P.3d 1043 [2011]).

Appeal dismissed.