No. 117,120

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIELER MICHAEL REEVES,
*Appellant*.

SYLLABUS BY THE COURT

1.

The plain language of K.S.A. 2016 Supp. 22-3716(c)(1)(E) grants jurisdiction to the district court to impose the underlying sentence, or any lesser sentence, upon revoking a defendant's probation.

2.

An appellate court has jurisdiction to review the district court's denial of a defendant's request for a lesser sentence upon the revocation of probation, even if the sentence originally imposed was a presumptive sentence under the guidelines.

3.

An appellate court reviews the district court's decision to deny a defendant's request for a lesser sentence upon the revocation of probation for an abuse of discretion.

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed September 1, 2017. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2016 Supp. 21-6820(g) and (h).

1

Before MALONE, P.J., PIERRON and BRUNS, JJ.

MALONE, J.:  Tieler Michael Reeves appeals the district court's denial of his request for a lesser prison sentence following the revocation of his probation. We granted Reeves' motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2017 Kan. S. Ct. R. 48). The State has filed no response. Finding that the district court did not abuse its discretion in denying Reeves' request for a lesser sentence, we affirm the district court's decision.

On March 17, 2014, Reeves pled no contest to one count of conspiracy to commit aggravated robbery. On March 24, 2014, the district court imposed the standard presumptive sentence of 32 months' imprisonment but made border box findings and placed Reeves on probation for 36 months to be supervised by community corrections.

From December 2014 to November 2016, Reeves returned to court five times for probation violation hearings. Over the course of that two years, he was ordered to serve 2-day and 30-day jail sanctions, as well as a 120-day sanction with the Department of Corrections. He also received sanctions from his probation officer at least two times.

At a hearing on November 14, 2016, Reeves stipulated to violating his probation on numerous grounds, including failing to report to community corrections as directed and testing positive for drugs. Reeves told the judge that "probation ain't working out for me," and he said he wanted to "just go and do my time." However, he asked the district court to reduce his sentence from 32 months' imprisonment to 23 months. Reeves acknowledged that he had a drug problem. His counsel pointed out that Reeves was 16 years old at the time of the offense, and he was only 20 years old at the time of the hearing. The State objected to any sentence modification and pointed out that Reeves had "completely disappeared from his probation." The district court revoked Reeves'

2

probation, specifically denied his request for a sentence modification, and ordered that he serve the remainder of his original sentence. Reeves timely appealed from that decision.

On appeal, Reeves does not argue that the district court erred in revoking his probation. After all, Reeves explicitly asked the district court to revoke his probation so that he could go and serve his time. However, Reeves claims that the district court "abused its discretion by [ordering him to serve] his full underlying sentence (32 months) after revoking his probation, rather than the 23 months for which he argued."

Resolution of Reeves' claim involves statutory interpretation and raises issues of appellate jurisdiction. Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). Likewise, whether jurisdiction exists is a question of law over which our review is unlimited. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(E), upon a finding that a defendant has violated the terms of his or her probation, the district court may impose various alternative sanctions, including ordering the defendant to serve the sentence imposed "or any lesser sentence." Generally, a district court does not have jurisdiction to modify a legal sentence once that sentence is pronounced from the bench. *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). However, the plain language of K.S.A. 2016 Supp. 22-3716(c)(1)(E) grants jurisdiction to the district court to modify a sentence by allowing the court to impose the underlying sentence, or any lesser sentence, upon revoking a defendant's probation. See *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

K.S.A. 2016 Supp. 22-3716(c)(1)(E) is found in the Kansas Code of Criminal Procedure; the statute is not part of the revised Kansas Sentencing Guidelines Act (KSGA). See K.S.A. 2016 Supp. 21-6801 *et seq*. Our legislature has placed no limitation on the extent that the district court can modify a defendant's sentence upon the revocation

3

of probation, except that the sentence can only be lessened and not increased. The district court's decision to lessen the defendant's sentence upon the revocation of probation is not considered to be a "departure sentence" within the meaning of the revised KSGA. See *e.g.*, K.S.A. 2016 Supp. 21-6815(a). Unlike with the district court's decision to impose a departure sentence under K.S.A. 2016 Supp. 21-6815(a), the district court is not required to identify any specific mitigating factors or to find "substantial and compelling reasons" to lessen the defendant's sentence upon the revocation of probation.

In Reeves' case, the district court originally imposed a presumptive sentence of 32 months' imprisonment and granted probation. Reeves made no attempt to appeal his sentence. Two years later, the district court revoked Reeves' probation, denied his request for a lesser sentence as authorized by K.S.A. 2016 Supp. 22-3716(c)(1)(E), and ordered him to serve the original sentence of 32 months' imprisonment. Some panels of this court have held that an appellate court lacks jurisdiction to review a defendant's request for a lesser sentence upon the revocation of probation, if the sentence originally imposed was a presumptive sentence under the revised KSGA. See *State v. Weekes*, No. 115,739, 2017 WL 840280 (Kan. App. 2017) (unpublished opinion); *State v. Everett*, No. 111,168, 2015 WL 4366445 (Kan. App. 2015) (unpublished opinion). These panels have based that conclusion on K.S.A. 2016 Supp. 21-6820(c)(1), a provision in the revised KSGA which provides that an appellate court shall not review any sentence that is within the presumptive sentence for the crime.

However, we find that we have jurisdiction to review the specific claim that Reeves is making in this appeal. Reeves is not attempting to appeal the propriety of his original presumptive sentence of 32 months' imprisonment that the district court imposed on March 24, 2014. In fact, his time for appealing his original sentence has long since expired. See K.S.A. 2016 Supp. 22-3608(c) (defendant shall have 14 days after the judgment of the district court to appeal). Instead, Reeves is attempting to appeal the district court's decision made on November 14, 2016, denying his request to serve a

4

lesser sentence following his probation revocation. Stated differently, Reeves is not asking this court to review his presumptive sentence imposed on March 24, 2014, he is asking this court to review the district court's decision made at the probation violation hearing denying his request for a sentence modification—a request he was entitled to make pursuant to K.S.A. 2016 Supp. 22-3716(c)(1)(E). In this instance, we conclude that K.S.A. 2016 Supp. 21-6820(c)(1) is not a jurisdictional bar to Reeves' appeal.

K.S.A. 2016 Supp. 22-3716(c)(1)(E) does not mandate the district court to expressly consider on the record whether the defendant's sentence should be modified when the issue is not raised at the probation violation hearing. See *State v. Cisneros*, 42 Kan. App. 2d 376, 380, 212 P.3d 246 (2009). But here, Reeves specifically asked the district court to impose a lesser sentence upon the revocation of his probation, and the district court had jurisdiction to consider such a request. See *McGill*, 271 Kan. at 154. The district court's decision denying Reeves' request for a sentence modification upon the revocation of his probation is appealable by Reeves for the same reason that the district court's decision to revoke probation is appealable in the first place—it is a final judgment of the district court appealable by the defendant within 14 days after the judgment is rendered. See K.S.A. 2016 Supp. 22-3601(a); K.S.A. 2016 Supp. 22-3602(a) (addressing appeals by the defendant from a district court's final judgment in a criminal case); K.S.A. 2016 Supp. 22-3608(c) (setting forth time limitation to file appeal).

K.S.A. 2016 Supp. 22-3716(c)(1)(E) provides that the district court *may* order the defendant to serve the original sentence or any lesser sentence upon the revocation of the defendant's probation. The use of the permissive term "may" in the statute signals that the district court has discretion to either grant or deny a defendant's request for a lesser sentence upon the revocation of probation. Thus, we conclude that an appellate court reviews such a decision made by the district court for an abuse of discretion. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error law; or (3) the action is

5

based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Here, the district court heard arguments for and against Reeves' request for a lesser sentence. On the one hand, Reeves was a young man who acknowledged that he had a drug problem. However, Reeves was convicted of conspiracy to commit aggravated robbery, a violent crime. He had numerous failures on probation, and the various sanctions imposed by the district court did nothing to modify his behavior. In the end, Reeves "completely disappeared from his probation," and he rejected the efforts of community corrections to help him with his drug addiction. We are unable to say that no reasonable person would have denied Reeves' request for a lesser sentence at the probation violation hearing, and the district court's action was not based on an error of law or fact. Thus, we conclude the district court did not abuse its discretion in denying Reeves' request for a lesser sentence upon the revocation of his probation.

Affirmed.