NOT DESIGNATED FOR PUBLICATION

Nos. 123,804
123,805

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CIARA ASHLI SOLIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed April 8, 2022.
Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*,
attorney general, for appellee.

Before HURST, P.J., GARDNER, J. and PATRICK D. MCANANY, S.J.

PER CURIAM: Ciara Ashli Solis appeals the district court's decision to revoke her
probation in two cases, arguing the district court misunderstood the applicable
sanctioning scheme and thus based its decision on a legal error. Solis also argues the
decision was unreasonable. Finding no error, we affirm.

*Factual and Procedural Background*

Solis pleaded guilty to burglary and two counts of theft in 19 CR 2195 for crimes she committed in July 2019. She later pleaded guilty in 19 CR 2699 to an aggravated weapons violation and possession of methamphetamine for crimes committed in June 2018. The district court granted Solis a downward dispositional departure in both cases. In 19 CR 2195, the district court sentenced Solis to 37 months' imprisonment but granted her 24 months' probation. The district court imposed a consecutive sentence in 19 CR 2699 of 39 months' imprisonment but granted 12 months' probation.

Around two and a half months following sentencing, the State filed a probation violation warrant against Solis alleging the commission of new crimes and other violations, including:

- possessing stolen property;
- driving with a suspended license and without insurance or proper tags;
- associating with "someone of harmful and/or disreputable character"; and
- failing to notify her supervising officer of her contact with law enforcement within 24 hours.

The State issued a second violation warrant a few weeks later, alleging these additional offenses:

- forgery/making or altering a written document;
- criminal possession of a firearm by a convicted felon;
- interference with law enforcement/obstruction of a felony warrant;
- two counts of possession of opiate/opium/narcotic or certain stimulant;
- two counts of possession of marijuana;

- use/possession with intent to use drug paraphernalia; and

- possession of drug paraphernalia.

The district court held an evidentiary hearing to consider these allegations.

At the hearing, Solis admitted to committing the driving offenses and associating with "someone harmful" as alleged in the first warrant. She also admitted to three of the drug crimes alleged in the second warrant. Solis denied the remaining allegations. The State withdrew the contended allegations but, per the recommendation of Solis' supervisor, requested the district court revoke Solis' probation. Solis asked to reinstate probation or at least be granted a modified sentence if revoked.

The district court revoked Solis' probation and ordered her to serve her unmodified sentence, finding Solis: (1) received probation as the result of dispositional departures; (2) committed new crimes; (3) received a recommendation from her supervisor for revocation; (4) did not meet the criteria for drug court or an adult residential program; and (5) exhausted available community programs. The district court relied on Solis' commission of new offenses to revoke in 19 CR 2195. But recognizing the law was different in June 2018 when Solis committed the offenses for 19 CR 2699, the district court found that besides committing new offenses, the evidence proved the "members of the public [would] be jeopardized" if it allowed Solis to continue probation. The court also found that because of the exhaustion of available community resources, Solis' welfare would not be served by continuing probation.

Solis timely appealed both cases. We consolidated the cases into this single appeal.

*Discussion*

Once a probation violation is established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Solis bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

K.S.A. 22-3716 controls the procedure for revoking a defendant's probation. The statute generally requires the imposition of a graduated sanction for defendants that violate the terms of their probation. For crimes committed before July 1, 2019, the district court is typically required to impose either a 2-day or 3-day jail sanction and then a 120-day or a 180-day prison sanction before revoking a defendant's probation. See K.S.A. 2017 Supp. 22-3716(c)(1)(A)-(D). But the statute grants the district court discretion to revoke probation without imposing intermediate sanctions in several circumstances. For example, under K.S.A. 2017 Supp. 22-3716(c)(9)(A), a district court may revoke a defendant's probation without imposing a sanction if the district court finds "with particularity" that the safety of the members of the public will be jeopardized or that the welfare of the offender will not be served by an immediate sanction. And for most felony offenses committed after July 1, 2019, the district court may revoke probation based on the commission of a new crime. See K.S.A. 2019 Supp. 22-3716(c)(7)(C); see also *State v. Dominguez*, 58 Kan. App. 2d 630, Syl. ¶ 3, 473 P.3d 932 (2020) (amended intermediate sanction scheme does not apply retroactively to probation violators who committed their crimes before effective date of amendment).

Solis claims the district court abused its discretion by ordering her to serve her unmodified prison sentences. Solis admits that under K.S.A. 2017 Supp. 22-

4

3716(c)(9)(A), the district court may revoke a defendant's probation without first imposing intermediate sanctions if the court makes appropriate findings on public safety or the defendant's welfare. Solis also tacitly admits that the district court may bypass intermediate sanctions and revoke probation based on the commission of a new crime under K.S.A. 2019 Supp. 22-3716(c)(7)(C). Still, Solis contends the district court's decision was based on legal error. She also asks us to reverse the decision as unreasonable.

*Decision Was Not Based on an Error of Law*

Solis first claims that the district court did not understand how the applicable graduated sanctioning scheme works and thus based its decision to revoke her probation on legal error. Citing *State v. Cisneros*, 42 Kan. App. 2d 376, 380-81, 212 P.3d 246 (2009) (finding error based on a district court's misunderstanding of its statutory authority to reduce defendant's sentence at probation violation hearing and remanding for further consideration of defendant's modification request), she argues that the district court's alleged misunderstanding constitutes reversible error.

We find Solis' reference to *Cisneros* misplaced. Unlike *Cisneros*, the record shows the district court considered Solis' request for a modified sentence and understood its statutory authority under the applicable statutory provisions. Cf. 42 Kan. App. 2d at 380-81. So the record does not support this claims.

Solis' argument also ignores the authority of K.S.A. 2017 Supp. 22-3716(c)(9)(B). That statute allows the district court to revoke a defendant's probation when it "was originally granted as the result of a dispositional departure." The district court correctly found that, in both underlying cases, Solis originally faced presumptive prison sentences and probation was granted only as the result of dispositional departures. So the district

5

court properly relied on K.S.A. 2017 Supp. 22-3716(c)(9)(B) in revoking Solis' probation.

Solis also argues that the district court's findings on her welfare and the community's safety did not meet K.S.A. 2017 Supp. 22-3716(c)(9)(A)'s "particularity" requirement. Cf. *State v. Duran*, 56 Kan. App. 2d 1268, 1272-77, 445 P.3d 761 (2019). But she raises this argument only in passing, so we find it conclusory. Nor does Solis challenge the district court's decision to revoke her probation in 19 CR 2195 under K.S.A. 2019 Supp. 22-3716(c)(7)(C) as legally erroneous. So we dismiss these two claims as waived or abandoned, and we summarily affirm the revocation of Solis' probation in 19 CR 2195. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021) (dismissing issue not briefed); *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) (dismissing points raised incidentally).

*Decision Was Not Arbitrary, Fanciful, or Unreasonable*

Solis also claims that the district court's decision was unreasonable because the court heard evidence of her drug addiction and personal tragedies. Solis references legal and medical articles to challenge the propriety of sentencing Kansas offenders with persistent drug abuse issues to prison instead of probation. She then contends that the district court's decision to revoke conflicted with legislative goals and "medically recognized best practices for preventing recidivism." She also argues that the decision led to an unnecessary tax burden.

But Solis does not convince us that no reasonable person would have taken the district court's position, so we must affirm. See *Thomas*, 307 Kan. at 739. Unless required by law, probation is not a right; it is an act of grace granted by the court. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). The record shows that within three months of being granted probation in her criminal cases, Solis committed several new offenses and

repeatedly violated the terms of her probation. And Solis does not show any appropriate alternative the district court could have employed to better address Solis' addiction issues. We find no abuse of discretion under these circumstances.

Affirmed.