NOT DESIGNATED FOR PUBLICATION

No. 129,254

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DONALD CORNELIUS HERRERA,
*Appellant*.

MEMORANDUM OPINION

Appeal from Republic District Court; KIM W. CUDNEY, judge. Opinion filed February 6, 2026. Reversed and remanded with directions.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

PER CURIAM: Donald Cornelius Herrera appeals the sentence imposed by the Republic County District Court for his conviction for an attempted violation of the Kansas Offender Registration Act (KORA). He claims that the district court mischaracterized his criminal history score as a B because his Nebraska conviction for a registration violation was improperly classified as a person crime. Additionally, Herrera contends that the district court abused its discretion in failing to recognize it possessed the discretion to grant a dispositional sentencing departure to probation for a KORA offense. On our review, we agree with Herrera and remand his case for resentencing consistent with the discussion below.

1

FACTUAL AND PROCEDURAL BACKGROUND

While on bond for two misdemeanor offenses in Republic County case No. 2023-CR-40 (Case 1), Herrera moved to Lincoln, Nebraska, to live with his mother. He registered in Nebraska but failed to register his address change with the Republic County Sheriff's Department in Kansas.

The State charged him with a single violation of KORA in case No. 2024-CR-04 (Case 2). Herrera waived his right to a preliminary hearing and entered an agreement with the State in which he would plead no contest to an amended charge of attempted violation of KORA.

At the plea hearing, Herrera entered no contest pleas in both the 2023 and 2024 cases. In Case 1, Herrera pleaded no contest to domestic battery and criminal restraint, both class A person misdemeanors. In Case 2, Herrera pleaded no contest to an attempted violation of KORA. The court accepted the pleas and adjudicated Herrera guilty of the offenses.

At sentencing, defense counsel acknowledged that Herrera was subject to a special sentencing rule, requiring consecutive sentencing for Case 2 because he was on bond for Case 1. The court noted that the presentence investigation (PSI) report classified Herrera with a criminal history score of B. Neither party objected. In Case 1, the court imposed concurrent sentences of 12 months in jail for each offense but suspended the sentences in favor of probation for 12 months. In Case 2, the court sentenced Herrera to 19 months in prison followed by 12 months of postrelease supervision. The court ordered the sentence on Case 2 to run consecutive to the sentence imposed in Case 1. The court considered and denied Herrera's motion for a dispositional sentencing departure in Case 2, reasoning:

"Now, at this point in time, the Court must consider[] the request you have made through your attorney to depart from the presumption of prison.

"And to allow you to have probation instead.

"In order to do that, the Court must find that there is a treatment program available. And more effective than prison at reducing recidivism.

"And that a non-prison sanction will better serve community safety interest.

"Your attorney has argued in this case that a substantial and compelling reason is that you attempted to comply.

"That you thought you complied by registering in the State of Nebraska. And that it was the failure to register in Kansas that has landed you in, in this boat.

"In this case, considering the statutory requirements, it appears to this Court that this is not the type of case that the legislature intended for departures to apply.

"That it is a strict liability offense. And that you failed to register in the State of Kansas.

"Accordingly, there [is] no substantial or compelling reason to depart from the presumption. And the Court will deny the request to impose probation."

Herrera filed a timely notice of appeal then moved for summary disposition of this sentencing appeal under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). After the State failed to respond, we granted the motion for summary disposition.

ANALYSIS

On appeal, Herrera challenges two decisions of the district court. First, he contends that the district court erroneously scored his criminal history by improperly characterizing a prior Nebraska conviction as a person felony, which increased his criminal history score from a C to a B. Second, he contends that the district court abused its discretion in denying his motion for a dispositional sentencing departure by failing to recognize that it possessed the discretion to depart. We address each challenge in turn.

3

*The district court misclassified Herrera's prior conviction.*

Despite failing to object to the PSI presented to the district court or objecting to his criminal history calculation at sentencing, Herrera now challenges his criminal history calculation for the first time on appeal. Herrera was designated a criminal history score of B based on two prior adult person felonies from Nebraska: a 1999 Nebraska conviction for felony assault in the second degree and a 2014 Nebraska conviction for a felony sex offender registration violation. Herrera challenges the designation of the 2014 registration violation conviction as a person felony.

Whether a prior conviction or adjudication was properly classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015); see *State v. Busch*, 317 Kan. 308, 310, 528 P.3d 560 (2023) ("When a challenge to a criminal history score involves the interpretation of a statute, the court's review is unlimited.").

Pursuant to K.S.A. 21-6814(a), an offender's criminal history must be established in open court at sentencing, either by admission of the defendant or by proof to a preponderance of the evidence by the State. K.S.A. 21-6814(b) establishes that the PSI is presumptive proof to a preponderance of the evidence of a criminal defendant's criminal history. That presumption may be rebutted by a criminal defendant's written objection to specific details of the PSI. K.S.A. 21-6814(c).

Here, Herrera admitted to the PSI criminal history score of B and lodged no objections to the criminal history worksheet. This relieved the State of producing additional evidence of his criminal history.

Under K.S.A. 21-6814(d), though, a criminal defendant may challenge their criminal history for the first time on appeal—even after admitting their score in open

court—but the burden of production shifts to the defendant to designate a record showing prejudicial error. The defendant "may provide the appellate court with journal entries of the challenged criminal history that were not originally attached to the criminal history worksheet," and the State can likewise respond with journal entries. K.S.A. 21-6814(d). We "may remand the case if there is a reasonable question as to whether prejudicial error exists." K.S.A. 21-6814(d).

We recently conducted an extensive examination of this statutory provision in *State v. Emery*, 66 Kan. App. 2d 42, 577 P.3d 620 (2025). The discussion in *Emery*, however, focused on the jurisdictional-limitation differences regarding what information an appellate court can consider based on whether the challenged prior conviction was an in-state conviction or out-of-state conviction. 66 Kan. App. 2d at 44-51. The statutory discussion relies on Emery's attachment of an out-of-state journal entry to establish the conviction he challenged in his criminal history—the classification of a prior Tennessee conviction as a person felony—the consideration of which the State opposed. Although the journal entry Emery supplied was inconclusive as to the nature of his prior conviction, a review of Tennessee statutes and application of the process outlined by K.S.A. 21-6811(e)(3)(B) for counting out-of-state convictions led us to the conclusion that his Tennessee conviction should have been classified as a nonperson felony. 66 Kan. App. 2d at 54-56.

Here, neither Herrera nor the State have attached any documents to their briefing because Herrera submitted the appeal without briefing and the State did not respond. The information available to us is just the information contained in the PSI report, which simply states that Herrera was convicted of a "Sex Offender Registration Act Violation" in the state of Nebraska which the Kansas district court here coded as a person felony. This leads to a logical conclusion that Herrera previously violated the Nebraska Sex Offender Registration Act, Neb. Rev. Stat. § 29-4001 et seq. (Nebraska Act).

Relevant to Herrera's claim and to the claim in *Emery*, as part of classification of out-of-state crimes, Kansas law requires that an out-of-state felony must be classified as a person offense if its elements necessarily prove that a person was present during the offense's commission. K.S.A. 21-6811(e)(3)(B)(ii). So, if the elements of the crime alone do not demand proof that a person was present at the time of the offense's commission or otherwise require demonstrating any of the circumstances set forth in K.S.A. 21-6811(e)(3)(B)(i), then the out-of-state felony must be classified as a nonperson felony. K.S.A. 21-6811(e)(3)(B)(iii). *Emery*, 66 Kan. App. 2d at 54-55.

Herrera relies on *Emery* to argue that the failure to register as a sex offender does not require any of the circumstances listed in K.S.A. 21-6811(e)(3)(B)(i). While *compliance* with the in-person registration requirements of an offender registration statute could involve the presence of another person, by definition, the *failure* to properly register would not. *Emery*, 66 Kan. App. 2d at 55-56. A review of the requirements found in the Nebraska Act leads us to the same conclusion.

For example, Neb. Rev. Stat. § 29-4004 requires any person subject to the Nebraska Act to notify the sheriff of the county in which they reside, in person, of several circumstances, such as moving to a new address, changing employment or attending school, being discharged from incarceration or parole, and other activities. As in *Emery*, a failure to report in person accordingly means no other person is required for commission of that crime.

Neb. Rev. Stat. § 29-4005 sets out standards for the duration of registration. The next statute, Neb. Rev. Stat. § 29-4006, sets out the information required in a registration (such as legal name, aliases, address, vehicle license plate, etc.) and the requirement for an offender to verify, in person, the registration information. Again, failing to verify the information in person necessarily means the presence of another person would not be required to commit a crime under this section.

6

Neb. Rev. Stat. §§ 29-4007, 29-4009, and 29-4011 through 29-4014 outline other requirements and standards for courts, agencies, and law enforcement under the Nebraska Act or impose other requirements clearly inapplicable to Herrera. The only section providing some pause is Neb. Rev. Stat. § 29-4008, which identifies a violation for knowingly and willfully furnishing false or misleading information in the required registration. But completing the form could occur outside the presence of another person, and as discussed in *Emery,* the falsification of a form would not require the actual presence of another person. 66 Kan. App. 2d at 56.

In *Emery,* the offender provided his Tennessee journal entry as required by K.S.A. 21-6814(d) but the journal entry did not answer the question of under which subsection of the registration statute Emery was convicted. Even so, rather than remand the case back to the district court, we looked directly at the out-of-state statutes to consider the proper classification of the Tennessee offense. Likewise, here, although Herrera does not provide us with his Nebraska journal entry, after examining the Nebraska Act, we conclude that the Nebraska Act does not "demand proof that a person was present at the time of the offense's commission or otherwise require establishment of any of the circumstances set forth in K.S.A. 21-6811(e)(3)(B)(i)." 66 Kan. App. 2d at 56. Because we find that none of the elements of the Nebraska Act require proof of any of the circumstances in K.S.A. 21-6811(e)(3)(B)(i) or (ii), we agree with Herrera that his out-of-state felony must be classified as a nonperson felony. K.S.A. 21-6811(e)(3)(B)(iii).

Accordingly, we reverse Herrera's sentence and remand the case to the district court to reconsider the proper criminal history classification under *Emery*.

*The district court failed to recognize that it possessed the discretion to grant a dispositional departure for a KORA offense.*

Herrera also argues that the district court abused its discretion by refusing to acknowledge the discretion it possessed to grant Herrera's motion for dispositional departure.

Notably, Herrera received the presumptive sentence for the offense based on his criminal history score and the severity level of the offense. See K.S.A. 21-6804(a). But, if on remand the district court reclassifies Herrera's criminal history score as a C rather than B, Herrera's sentence could fall within the presumptive probation dispositional range, requiring the district court to resentence Herrera to probation unless it concludes that substantial and compelling reasons warranted an upward dispositional departure to incarceration. See K.S.A. 21-6804(a). This could change the landscape of a request for departure, but any opinion on that potential result would be premature at this time given the number and types of other convictions contained in his PSI report.

If the district court properly classified Herrera with a B criminal history score, the sentence it imposed constitutes a presumptive sentence. Typically, we lack jurisdiction to review a presumptive sentence. See K.S.A. 21-6820(c)(1). Even so, an appellate court may review a claim that the district court failed to recognize its own discretion in sentencing. See *State v. Cisneros*, 42 Kan. App. 2d 376, 380-81, 212 P.3d 246 (2009).

Turning to the merits, Herrera correctly argues that the district court possessed jurisdiction to grant a dispositional departure to probation in this case. As noted, if Herrera had been classified with any lesser criminal history score, the applicable statutes would have created a presumption in favor of probation. See K.S.A. 21-6804(a). So, the Kansas Legislature clearly anticipated the possibility that a person convicted of this

8

offense could receive probation. Nothing in KORA suggests that an offender may not be given probation.

In fact, Kansas appellate courts have tacitly, if not directly, approved downward dispositional sentencing departures for KORA violations. See generally *State v. Tafolla*, 315 Kan. 324, 508 P.3d 351 (2022). K.S.A. 21-6817(a)(1) provides that a party may file a motion for a sentencing departure whenever a person is convicted of a felony. The statute does not qualify that right. As a result, the district court abused its discretion in deciding it lacked authority to grant Herrera's request for a dispositional departure. We offer no opinion on the conclusion about whether a departure is appropriate under the specific circumstances of this case, as that evaluation is within the discretion of the sentencing court.

Reversed and remanded with directions.