No. 84,570

STATE OF KANSAS, *Appellant*, v. DAVID L. MCGILL, III, *Appellee.*

(22 P.3d 597)

Opinion filed April 20, 2001.

*J. Marc Goodman*, county attorney, argued the cause, and *Joe E. Lee*, former county attorney, and *Carla J. Stovall*, attorney general, were on the brief for appellant.

*Sandra M. Carr*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with her on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, C.J.: David L. McGill III's probation was revoked and the district court imposed a sentence lower than the initial sentence. The State appeals therefrom on a question reserved pursuant to K.S.A. 2000 Supp. 22-3602(b)(3), contending the district court lacked jurisdiction to impose a modified sentence.

## FACTS

By virtue of the narrow issue raised, the underlying facts may be highly summarized. In September 1996, defendant, age 19, was charged with indecent liberties with a child arising from consensual sexual intercourse with a 15-year-old girl. In November 1996, defendant pled guilty to the reduced charge of indecent solicitation of a child. In January 1997, pursuant to stipulation defendant was sentenced to an upward durational departure sentence of 26 months and placed on probation for 24 months. On January 8, 1999, by voluntary agreement probation was extended for a period of 90 days to terminate April 7 or earlier upon payment of the balance of $279.35, representing an unspecified probationary obligation.

On February 11, 1999, a motion to revoke probation was filed, alleging defendant had committed aggravated indecent liberties with a different 15-year-old girl on January 22-23, 1999. The motion was heard on November 24, 1999. Defendant stipulated that the alleged violation had occurred. The court had received a written evaluation of the defendant from a forensic psychologist. The court revoked defendant's probation and sentenced him to 12 months' imprisonment. In effect, this sentence removed the upward departure sentence and imposed a presumptive sentence.

## UNDER THE KANSAS SENTENCING GUIDELINES ACT, DOES THE DISTRICT COURT HAVE JURISDICTION TO MODIFY A DEFENDANT'S SENTENCE AT A PROBATION REVOCATION HEARING?

The State notes there was no appeal from defendant's original departure sentence. The State contends, upon the revocation of defendant's probation, the district court had no authority to modify the sentence originally imposed, citing *State v. Miller*, 260 Kan. 892, 926 P.2d 652 (1996), and *State v. Smith*, 26 Kan. App. 2d 272, 981 P.2d 1182, *rev. denied* 268 Kan. 894 (1999).

Defendant argues that K.S.A. 22-3716 is controlling and allows imposition of a lesser sentence upon the revocation of probation. Independent research has revealed no other case in which this issue has been before us.

### STANDARD OF REVIEW

Interpretation of a statute is a question of law, and this court's review is unlimited. *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

### ANALYSIS

As previously noted, the State relies on *State v. Miller*, 260 Kan. 892, and *State v. Smith*, 26 Kan. App. 2d 272. In *Miller*, there were two defendants involved, Douglas and Miller.

In the Douglas case, defendant had requested a downward durational and dispositional departure. At sentencing, the motion was denied and a presumptive guidelines sentence was imposed. A few

days later, a motion for reconsideration was filed and the court ultimately modified the sentence, imposing a downward departure sentence. The State appealed therefrom.

In the Miller case, defendant was sentenced to 7 months' imprisonment and then placed on probation for 24 months. The probation was later revoked and reinstated with new conditions. Later still, probation was again revoked and Miller was committed to the Secretary of Corrections to serve her 7-month sentence. A few days later, Miller filed a motion to reinstate her probation which was ultimately granted. The State appealed therefrom.

On appeal we discussed how, prior to the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*, a sentencing court had jurisdiction to modify any sentence within 120 days of its imposition. K.S.A. 21-4603(d)(1); *Miller*, 260 Kan. at 895-96. We held that no jurisdiction to modify is granted in the KSGA except to correct "arithmetic or clerical errors" pursuant to K.S.A. 21-4721(i). Accordingly, we further held that, once a sentencing court has imposed a lawful sentence and the hearing is concluded, the court has no jurisdiction to modify that sentence. 260 Kan. at 900.

It should be noted that both factual situations in *Miller* involve modifications occurring after the sentencing had been concluded committing the defendants to the custody of the Secretary of Corrections.

In *State v. Smith*, 26 Kan. App. 2d 272, again, two defendants (Smith and Mohs) were involved with different factual scenarios. Smith was placed on probation with an underlying 12-month jail sentence. Probation was revoked and he was ordered to serve the underlying sentence. Later, Smith sought sentence modification which was denied for lack of jurisdiction.

In Mohs' case, defendant had an underlying sentence of two concurrent 7-month terms with probation after 30 days of jail time. Later, he was convicted of a like offense (criminal deprivation of a motor vehicle) and was given probation with an underlying sentence of 7 months, to run consecutive to the earlier case. Several months later, the probation was revoked and he was ordered to serve all sentences *concurrently*. Later still, the court concluded it

had no jurisdiction to modify the original sentence and reinstated the original consecutive sentence.

Both Smith and Mohs appealed, contending the respective sentencing courts did have jurisdiction under the KSGA to modify their sentences. The Court of Appeals affirmed the district court in both instances, citing *State v. Miller* as authority therefor. Then the panel held:

"Further, the plain language of K.S.A. 21-3705 [the statute requires mandatory jail time increasing with each subsequent conviction] does not authorize the district court to modify a sentence but merely stated a defendant must serve the mandatory jail time before he or she is eligible for probation, suspension or reduction of his sentence, or parole. Here, defendants' underlying sentences were imposed before each defendant served the mandatory jail time. After defendants' probations were revoked, each defendant was required to serve the underlying sentence which was not subject to modification. The district court does not have jurisdiction to modify a sentence once imposed under the KSGA." *Smith*, 26 Kan. App. 2d at 273-74.

The cases of defendant Smith and the two defendants in *Miller* each involved attempts to modify sentences after the sentences were imposed and incarceration was to begin. They were final and could not be modified by virtue of no jurisdiction to modify. The Mohs facts are somewhat different as the modification (later vacated) came at the time of revocation, but there is the complicating factor of the mandatory 60-day jail time.

However, K.S.A. 22-3716 was not argued or mentioned in either the *Miller* or *Smith* cases. Defendant in the case before us contends this statute granted the sentencing court herein the authority to impose the lesser sentence upon his probation revocation.

K.S.A. 22-3716 provides in pertinent part:

"(a) At any time during probation, assignment to a community correctional services program, suspension of sentence or pursuant to subsection (d) for defendants who committed a crime prior to July 1, 1993, and at any time during which a defendant is serving a nonprison sanction for a crime committed on or after July 1, 1993, or pursuant to subsection (d), the court may issue a warrant for the arrest of a defendant for violation of any of the conditions of release or assignment, a notice to appear to answer to a charge of violation or a violation of the defendant's nonprison sanction. [Procedural provisions omitted.]

"(b) [Procedural provisions for appearing before the district court omitted.] If the violation is established, the court may continue or revoke the probation, as-

signment to a community correctional services program, suspension of sentence or nonprison sanction and *may require the defendant to serve the sentence imposed, or any lesser sentence*, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." (Emphasis supplied.)

K.S.A. 22-3716 was significantly amended during the 2000 legislative session. L. 2000, ch. 182, § 8. The parties do not contend that the amendments apply in this case. However, the language of the emphasized portion of the statute predates the enactment of the KSGA and has remained unchanged despite the significant amendments occurring in 2000. See K.S.A. 2000 Supp. 22-3716(b).

Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998).

Under the plain language of K.S.A. 2000 Supp. 22-3716(b), the district court, upon revoking probation, may impose a lesser sentence.

Defendant's factual situation falls squarely within the clear language of the statute. His probation was revoked and a lesser sentence was imposed. Unlike *State v. Miller*, the sentence was not modified after defendant had been sentenced to the custody of the Secretary of Corrections.

We conclude the district court had jurisdiction pursuant to 22-3716(b) to modify defendant's sentence. The State's appeal on a question reserved is denied.