(89 P.3d 931)

No. 90,450

STATE OF KANSAS, *Appellee*, v. JAMES KIRBY, *Appellant*.

Opinion filed May 14, 2004.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Jae M. Lee*, assistant county attorney, and *Phill Kline*, attorney general, for appellee.

Before JOHNSON, P.J., MARQUARDT and GREENE, JJ.

JOHNSON, J.: James Kirby appeals his sentence for burglary, complaining that the district court erroneously applied the presumptive prison provision of K.S.A. 2003 Supp. 21-4704(l). Finding the enhancement provision was correctly applied, we affirm.

A detailed factual recitation is unnecessary. The issue involves two burglary cases. The first, Case No. 02 CR 35, prosecuted acts committed between April 6 and May 9, 2002. The second, Case No. 02 CR 60, prosecuted acts committed August 8, 2002, which was after Kirby had pled guilty in Case No. 02 CR 35, but before sentencing on either case. The timeline of the two burglaries is as follows:

April 6-May 9, 2002—Case No. 02 CR 35—burglary committed

August 2, 2002—Case No. 02 CR 35—guilty plea entered

August 8, 2002—Case No. 02 CR 60—burglary committed

September 18, 2002—Case No. 02 CR 60—burglary conviction

January 17, 2003—Case No. 02 CR 35—sentencing, followed by Case No. 02 CR 60 sentencing

Kirby stipulated to his criminal history score and to the order of restitution. This appeal only concerns Kirby's prison sentence for the burglary in Case No. 02 CR 35. Kirby complains of the district court's application of the enhancement provision of K.S.A. 2003

Supp. 21-4704(l), which states: "The sentence for a violation of subsection (a) of K.S.A. 21-3715 and amendments thereto when such person being sentenced has a prior conviction for a violation of subsection (a) or (b) of K.S.A. 21-3715 or 21-3716 and amendments thereto shall be presumed imprisonment." Specifically, Kirby contends that "prior conviction" in 21-4704(l) does not include his Case No. 02 CR 60 burglary, which was committed after his Case No. 02 CR 35 conviction.

We perceive our task is to interpret the temporal significance of "prior conviction," *i.e.*, must the enhancing conviction be prior to: (1) the commission of the subject burglary; (2) the conviction for the subject burglary; or (3) the sentencing on the subject burglary. Interpretation of a statute is a question of law, granting this court unlimited review. *State v. Maass*, 275 Kan. 328, 330, 64 P.3d 382 (2003).

At first blush, the district court's use of the Case No. 02 CR 60 conviction to enhance the Case No. 02 CR 35 sentence, followed by using the Case No. 02 CR 35 conviction to enhance the Case No. 02 CR 60 sentence, appears circuitous. Also, one could assert that the presumptive sentence for Case No. 02 CR 35 should not be driven by whether Kirby was able to effect his sentencing on that case, prior to his trial in Case No. 02 CR 60. However, Kirby does not address the logistical problem of his serving a presumptive probation sentence in Case No. 02 CR 35, while consecutively serving the presumptive prison sentence in Case No. 02 CR 60. See K.S.A. 21-4608(d) (sentence for crime committed while on felony bond shall be imposed consecutively). Nevertheless, we perceive our role to be the interpretation of statutory language, utilizing established rules of construction, without ruminating upon any policy considerations. *Cf. O'Bryan v. Columbia Ins. Group*, 274 Kan. 572, 575-76, 56 P.3d 789 (2002).

Kirby promotes our consideration of the strict construction rule applicable to criminal statutes. A fuller recitation of that rule is:

"Criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legis-

lative design and intent. [Citation omitted.]" *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001).

The State argues that we should be guided by the language of K.S.A. 21-4710(a):

"A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

However, that provision is specific to criminal history. It was presumably applied by the sentencing court to calculate Kirby's criminal history score, which is not being appealed. Arguably, if the legislature intended to apply the 21-4710(a) criminal history definition of "prior conviction" to the enhancement provisions of K.S.A. 2003 Supp. 21-4704(l), it would have been a simple matter to have said so. We are not persuaded by the criminal history definition.

We resolve the matter by applying the most basic rule:

"The fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs if that intent can be ascertained. The legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003).

Stripped down, K.S.A. 2003 Supp. 21-4704(l) says that "[t]he sentence for [burglary] when such person *being sentenced* has a prior conviction for [burglary] shall be presumed imprisonment." (Emphasis added.) Plainly, the inquiry into whether the burglar has a prior burglary conviction is made at the time the person is being sentenced, *i.e.*, at the sentencing hearing. Here, at the sentencing hearing in Case No. 02 CR 35, Kirby had another conviction, in Case No. 02 CR 60, which was prior to the date of sentencing. Therefore, the district court correctly applied the enhancement provision of K.S.A. 2003 Supp. 21-4704(l) by imposing a presumptive prison sentence in Case No. 02 CR 35.

Affirmed.