(108 P.3d 1015)
No. 92,465

STATE OF KANSAS, *Appellee*, v. CASEY M. PUCKETT, *Appellant*.

—

Opinion filed April 1, 2005.

*Randall L. Hodgkinson*, deputy appellate defender, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before HILL, P.J., MARQUARDT and JOHNSON, JJ.

HILL, J.: Casey M. Puckett believes that he should serve a 24-month postrelease supervision period rather than a 36-month period after he has served his prison sentence for robbery. We believe Puckett is entitled to relief but must seek his remedy from the

Department of Corrections (DOC). Under K.S.A. 2000 Supp. 22-3717(t) the DOC has the power to modify the period of postrelease supervision for those sentenced for certain sentences imposed prior to the effective date of the amendments.

Casey M. Puckett was charged in February 1999 with two counts of aggravated robbery in violation of K.S.A. 21-3427. Puckett pled guilty to both counts. His plea agreement provided that the State would recommend that Puckett be given consecutive sentences from the high number in the sentencing box and Puckett was free to ask the court for probation. At sentencing, Puckett was placed on probation and the trial judge imposed an underlying prison term of 64 months, along with a 36-month period of postrelease supervision.

His probation was revoked on March 10, 2000, and he was ordered to serve his underlying sentence. Puckett moved the court to reconsider its ruling or, in the alternative, Puckett sought modification of his sentence. The court denied both requests.

There is no contention in this appeal that Puckett 's original sentence did not conform to the statutory guidelines in effect when he was sentenced. Criminal statutes and penalties in effect at the time of the criminal act are controlling. *Cooper v. Werholtz,* 277 Kan. 250, Syl. ¶ 1, 83 P.3d 1212 (2004). Puckett committed his crimes in February 1999; both are severity level 5 nondrug offenses. K.S.A. 1998 Supp. 22-3717(d)(1)(A) provided that the mandatory postrelease supervision for a severity level 5 nondrug crime was 36 months.

Instead, Puckett appeals his postrelease supervision period of 36 months. He contends that the Kansas Legislature mandated that his postrelease supervision period be set at 24 months. This means of course that we must interpret those amendments. Statutory interpretation is a question of law, and this court has unlimited review. *State v. Maass,* 275 Kan. 328, 330, 64 P.3d 382 (2003). The general rule is that a criminal statute must be strictly construed in favor of the accused; however, interpretation of the statute must remain reasonable and sensible to effect legislative design and intent. *State v. McGill,* 271 Kan. 150, 154, 22 P.3d 597 (2001).

In 2000, the Kansas Legislature altered K.S.A. 22-3717 so that a person sentenced for a nondrug severity level 5 crime would serve a 24-month period of postrelease supervision. See K.S.A. 2000 Supp. 22-3717(d)(1)(B). Another subsection, K.S.A. 2000 Supp. 22-3717(s), stated that the amendment in subsections (d)(1)(B) (among others) was to be applied retroactively, as provided in K.S.A. 2000 Supp. 22-3717(t). Subsection (t) provides:

"For offenders sentenced prior to the effective date of this act who are eligible for modification of their postrelease supervision obligation, *the department of corrections shall modify the period of postrelease supervision as provided for by this section* . . . for offenders convicted of severity level 5 and 6 crimes on the sentencing guidelines grid for nondrug crimes and severity level 3 crimes on the sentencing guidelines grid for drug crimes on or before January 1, 2001." (Emphasis added.)

But the amended statute took effect on May 25, 2000, the date of publication in the Kansas Register. L. 2000, ch. 182, secs. 9, 16. Puckett pled guilty on September 29, 1999, and was sentenced on November 3, 1999. Because of his probation violation, he was ordered to serve his underlying sentence on March 10, 2000, a date prior to the effective date of the amendment. The trial judge correctly imposed a period of 36 months' postrelease supervision at both the sentencing and the revocation hearings.

When all three subsections are read together, K.S.A. 2000 Supp. 22-3717(d)(1)(B), (s), and (t) indicate that Puckett is entitled to relief. But Puckett must seek that relief through the Department of Corrections. See *State ex rel. Morrison v. Oshman Sporting Goods Co. Kansas,* 275 Kan. 763, Syl. ¶ 2, 69 P.3d 1087 (2003) ("In construing statutes and determining legislative intent, several provisions of an act or acts, *in pari materia,* must be construed together with a view of reconciling and bringing them into workable harmony if possible.").

The legislature provided a remedy for those sentenced under the controlling statutes and penalties prior to the effective date of the amendment of K.S.A. 22-3717. For Puckett to have the relief he desires, K.S.A. 2000 Supp. 22-3717(t) states that the Department of Corrections has the power to modify the period of post-

release supervision. We think Puckett must first seek relief from the Department of Corrections.

Affirmed.