NOT DESIGNATED FOR PUBLICATION

No. 116,283

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHRISTOPHER LEE JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed October 6, 2017. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MCANANY, P.J., STANDRIDGE, J., and WALKER, S.J.

PER CURIAM: Christopher Lee Jones appeals from the district court's revocation of his probation, arguing the district court abused its discretion. Finding no error, we affirm.

FACTS

Jones was convicted of possession of methamphetamine in September 2011. The district court granted a dispositional departure and placed Jones on 18 months' supervised

1

probation beginning in November 2011. Jones' probation was modified in February 2013 and January 2014 based on convictions in two other cases for which he was also placed on probation. Based on the modifications, his probation was extended until February 27, 2015.

In March 2014, the State moved to revoke Jones' probation in his 2011 case based on the commission of another new offense. On September 8, 2014, Jones was sentenced to 30 months' imprisonment for this new charge of felony methamphetamine possession. At the conclusion of sentencing, the district court took up the State's motion to revoke probation. Jones waived his right to a hearing and stipulated that the new conviction was a violation of the terms of his probation. The district court revoked Jones' probation and imposed his underlying sentence, finding a lesser sanction was not required by law and was not appropriate given Jones' past drug convictions, his continued drug usage while on probation, and his failure to successfully complete drug treatment. Jones timely appealed.

ANALYSIS

Jones asserts the district court erred in revoking his probation. However, he also acknowledges that once there has been evidence of a violation of the terms of probation, the decision to revoke probation rests in the discretion of the district court. A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the ruling is based on an error of law; or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). K.S.A. 2016 Supp. 22-3716(c)(8)(A) provides that a court may revoke probation without imposing an intermediate sanction if the offender commits a new felony or misdemeanor while on probation. Jones acknowledges this statutory authority in his brief.

2

Jones does not contest the fact he violated his probation; rather, he argues the district court should have modified his sentence and imposed some lesser sanction pursuant to *State v. McGill*, 271 Kan. 150, 22 P.3d 597 (2001). His argument is unpersuasive. Here, Jones was convicted of a new felony while on probation. He also violated other conditions of his probation by continuing to use drugs and failing to successfully complete drug treatment. The district court clearly and adequately stated its reasons for revoking Jones' probation and imposing his underlying sentence, and it acted within its statutory authority. Its decision was not based on an error of fact or law and was not unreasonable. A reasonable person could certainly agree with the decision of the court. Applying the *Marshall* standards, we find the district court did not abuse its discretion.

Affirmed.