NOT DESIGNATED FOR PUBLICATION

Nos. 118,240
118,241
118,242
118,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JESSICA V. COX,
*Appellee*.


MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed August 3, 2018. Reversed and remanded with directions.

*Thomas R. Stanton*, deputy district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellant.

*Shannon S. Crane*, of Hutchinson, for appellee.

Before LEBEN, P.J., STANDRIDGE, J., and RYAN W. ROSAUER, District Judge, assigned.

PER CURIAM: Jessica V. Cox was convicted of several offenses in multiple cases in Reno County. The district court sentenced Cox to an underlying term of 44 months in prison but placed her on probation in these cases. Cox committed new offenses in 2016 and was sentenced to 30 months in prison, to be served consecutive to the sentences in the prior cases because the new offenses were committed while on felony probation. Four days after Cox was sentenced in the 2016 cases, the State filed a motion to revoke

1

probation in the earlier cases. After hearing the arguments of counsel at the revocation hearing, the court revoked probation in the earlier cases but modified the 44-month prison sentence to run concurrent with the 30-month prison sentence imposed in the 2016 case. The State appeals, arguing that the court's modification of the earlier sentences to run concurrent with the later sentences constitutes an illegal sentence. For the reasons stated below, we reverse and remand with directions.

FACTS

In Reno County District Court case No. 14CR351, the State charged Cox with trafficking contraband—methamphetamine—in the jail. About a year later, in Reno County District Court case No. 15CR424, the State charged Cox with felony theft from Walmart. Although the complaint is not included in the record, the State also charged Cox in Reno County District Court case No. 15CR386 with possession of marijuana and possession of drug paraphernalia.

In 14CR351, the court granted a dispositional sentencing departure. Specifically, the court imposed an underlying prison term of 44 months but granted Cox probation.

In 15CR424, the court again granted a dispositional sentencing departure. The court imposed an underlying prison term of 10 months but granted Cox probation.

In January 2016, the State moved to revoke Cox's probation in both 14CR351 and 15CR424. Among the various violations alleged in the motion, the State claimed that Cox had been arrested and charged for possession of methamphetamine with the intent to sell, possession of alprozolam, and possession of various drug paraphernalia in Reno County District Court case No. 16CR65. Later, in Reno County District Court case No. 16CR157, the State also charged Cox with felony theft.

In April 2016, the district court held a probation revocation hearing in 14CR351 and 15CR424 based on the State's allegations of probation violations and commission of new crimes. The court ultimately decided to impose an intermediate sanction of 120 days in prison and extended probation in both cases.

In September 2016, the State moved to revoke Cox's probation in 14CR351 and 15CR424 for various violations of the conditions of her probation including the use of methamphetamine and cocaine. After a hearing in November 2016, the court imposed a 180-day intermediate sanction and again extended probation in both cases.

On July 14, 2017, the district court held a sentencing hearing for the two 2016 convictions. In 16CR65, the court imposed a controlling 20-month prison term to be served consecutive to the sentences imposed in 14CR13, 14CR351, 15CR386, 15CR424, and 15CR905. In 16CR157, the court imposed a 10-month prison sentence to be served consecutive to the sentences imposed in 14CR351, 15CR386, 15CR424, and 16CR65.

Four days after Cox was sentenced in the 2016 cases, the State moved to revoke Cox's probation in 14CR351 and 15CR424. In support of revocation, the State cited her recent convictions and sentences in 16CR65 and 16CR157. At a hearing held on August 25, 2017, the court revoked Cox's probation and imposed the underlying prison terms of 44 months in 14CR351 and 10 months in 15CR424. In so doing, the court ordered both the 44-month sentence and the 10-month sentence to be served concurrent with the sentences previously imposed in 15CR386, 15CR424, 16CR65, and 16CR157.

The State filed notices of appeal in 14CR351, 15CR424, 16CR65, and 16CR157, alleging that the court's decision to run the sentences in 14CR351 and 15CR424 concurrent with the 2016 cases constitutes an illegal sentence. Specifically, the State claims the effect of the decision to run the sentences concurrently is to unlawfully modify

3

the court's prior order directing the sentences in 16CR65 and 16CR157 to run consecutive to 14CR351 and 15CR424.

ANALYSIS

The sole issue presented in this appeal is whether the court's decision to run the sentences in 14CR351 and 15CR424 concurrent with the sentences imposed in the 2016 cases constitutes an illegal sentence under the facts presented.

Under K.S.A. 2017 Supp. 22-3504(3), a sentence is illegal if (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provision, either in the character or term of the authorized punishment; or (3) it is ambiguous about the time or manner in which it is to be served. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). Whether a sentence is illegal is a question of law, which we review independently, with no required deference to the district court. *Lee*, 304 Kan. at 417.

The State argues the court did not have jurisdiction to order the sentences in 14CR351 and 15CR424 to run concurrent with the sentences imposed in 16CR65 and 16CR157 because such an order effectively modified the final sentences imposed in the 2016 cases, neither of which were before the court. The State also argues the sentences imposed in 14CR351 and 15CR424 were illegal to the extent that they changed the manner in which the sentences imposed in 16CR65 and 16CR157 were to be served.

Generally, a district court loses jurisdiction to modify a sentence at the point the sentence is pronounced from the bench. Thereafter, it may only correct arithmetic or clerical errors. See *State v. Marinelli*, 307 Kan. 768, 781, 415 P.3d 405 (2018); *State v. Hall*, 298 Kan. 978, 983, 319 P.3d 506 (2014). But K.S.A. 2017 Supp. 22-3716(c)(1)(E) provides a limited exception to the rule that a sentence may not be modified after imposition. When a district court revokes probation, the court may impose the prison

4

term originally set at sentencing or any lesser penalty. See *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001); *State v. Reeves*, 54 Kan. App. 2d 644, 646, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018).

Cox latches on to this limited rule to argue that the district court's decision to run the sentences in 14CR351 and 15CR424 concurrent with each other and to the sentences in the 2016 cases is akin to modifying the sentences in 14CR351 and 15CR424 to impose a lesser penalty. But Cox's argument ignores the legal effect of the court's order.

By operation of law, Cox is required to serve the sentences imposed for the 2016 sentences consecutive to the sentences imposed for the convictions in 14CR351 and 15CR424. This is because the offenses in 16CR65 and 16CR157 were committed while Cox was on probation for the offenses in 14CR351 and 15CR424. See K.S.A. 2017 Supp. 21-6606(c); *State v. Redick*, 307 Kan. 797, 801-02, 414 P.3d 1207 (2018); *State v. Cessna*, No. 116,480, 2017 WL 4456732, at *2 (Kan. App. 2017) (unpublished opinion) ("The court's decision in case 14-CR-624 obviously affected how both cases would actually be served, but the orders for consecutive sentencing emanate from the second case, not the first."). By revoking probation and imposing the 44-month prison sentence in 14CR351 to run concurrent with the sentences in the 2016 cases, the district court essentially left untouched the 44-month sentence imposed in 14CR351 and modified the sentences imposed in the 2016 cases by changing the manner in which those sentences were to be served. Kansas caselaw does not permit such a modification. See *Marinelli*, 307 Kan. at 781 (district court lacks subject matter jurisdiction to modify sentence once pronounced from bench).

Could the district court have reduced the sentences in 14CR351 and 15CR424 to devise a controlling 44-month prison term? Absolutely. One example would be to reduce the combined sentences of 14CR351 and 15CR424 at the probation revocation hearing to a collective 14-month prison sentence. Then the consecutive sentences imposed in

16CR65 (20 months) and 16CR157 (10 months) would have resulted in a controlling prison term of 44 months. But the district court did not reduce the sentences in 14CR351 and 15CR424.

The district court's order modifying the sentences imposed in 16CR65 and 16CR157 resulted in an illegal sentence. See K.S.A. 2017 Supp. 22-3504(3) (defining illegal sentence to include sentence that fails to conform to applicable statutory provisions, in character or punishment); *State v. Quested*, 302 Kan. 262, 264-67, 352 P.3d 553 (2015) (analyzing challenge to imposition of consecutive sentences as illegal sentence for failing to conform to law). As a result, we reverse and remand to the district court for the imposition of a lawful sentence as a result of the probation revocations in 14CR351 and 15CR424.

Reversed and remanded with directions.