NOT DESIGNATED FOR PUBLICATION

No. 115,739

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LAWSON J. WEEKES III,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion on remand filed January 11, 2019. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*: Lawson J. Weekes III appeals the district court's failure to modify his guideline sentence upon revocation of his probation. On remand from our Supreme Court, we are tasked with deciding whether the district court abused its discretion when it denied Weekes' motion to modify his original sentence of 30 months. See *State v. Weekes*, 308 Kan. 1245, 427 P.3d 861 (2018). Upon review of the revocation hearing, we find the district court was aware of his motion to modify his original sentence, relying on *State v. McGill*, 271 Kan. 150, 22 P.3d 597 (2001). The district court considered the motion and, given his probation track record, denied it. We find no abuse of discretion and affirm.

1

In August 2013, Weekes pled no contest to one count of unlawful possession of hydrocodone. He was sentenced to 30 months in prison, which was suspended, and placed on probation for 12 months.

In February 2014, the State moved to revoke Weekes' probation alleging he failed to submit to urinalysis, failed to report to his probation officer, and failed to attend outpatient services following a substance abuse evaluation. The State subsequently amended its motion to revoke probation alleging Weekes committed a new crime while on probation.

Weekes, while serving his sentence in another case at the El Dorado Correctional Facility, was returned to Saline County to address the motion to revoke probation. At the revocation hearing, Weekes stipulated to violating his probation. The district court heard argument on the State's motion to revoke probation and Weekes' motion for modification of his original sentence. See *McGill*, 271 Kan. 150. (K.S.A. 2017 Supp. 22-3716[c][1][E] grants to a district court jurisdiction to modify a defendant's original sentence upon revoking probation by imposing a lesser sentence.) The State requested the district court order Weekes to serve his underlying sentence because he was a danger to the community and was not amenable to probation. Weekes argued he was already serving a prison sentence and asked the district court to either run the sentences concurrently or modify his sentence to 12 months' imprisonment.

The district court found there were insufficient grounds to justify modifying Weekes' sentence. The district court revoked Weekes' probation and ordered him to serve his underlying 30-month prison sentence.

Relying on *State v. Everett*, No. 111,168, 2015 WL 4366445 (Kan. App. 2015) (unpublished opinion), *rev. denied* 305 Kan. 1254 (2016), this panel previously found this court does not have jurisdiction to consider Weekes' arguments since he was sentenced to

a presumptive sentence. On review by our Supreme Court, it found K.S.A. 2017 Supp. 22-3716(c)(1)(E) controls when it provides "'to serve the sentence imposed, *or any lesser sentence.*'" *Weekes*, 308 Kan. at 1247-48. The Supreme Court recently reiterated a district court does have authority to modify the sentence at the probation revocation hearing and is not required to follow the parameters of the presumptive sentencing guideline under the KSGA. See *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018).

Weekes does not argue the district court abused its discretion when it revoked his probation. Instead, he simply contends sentencing him to his underlying sentence, instead of a reduced sentence, constituted an abuse of discretion. Thus, we must consider whether the district court abused its discretion to order Weekes to serve his underlying sentence upon denial of his motion to modify his original sentence.

A district court abuses its discretion if its action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing an abuse of discretion. *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015).

Our review of the revocation hearing reveals the district court knew it had the power to modify his sentence at the revocation hearing pursuant to Weekes' motion. Given the district court's recognition of its inherent power pursuant to K.S.A. 2017 Supp. 22-3716(c)(1)(E) to modify his original sentence, we cannot say the district court's denial of the motion was arbitrary, fanciful, or unreasonable, or was based on an error of law or fact.

Affirmed.

3