NOT DESIGNATED FOR PUBLICATION

No. 121,523

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT E. JUDD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed February 28, 2020. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: Robert E. Judd appeals from the district court's decision ordering him to serve his underlying sentence in case No. 18CR1393. We granted Judd's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has filed a response and urges us to affirm the district court's judgment.

On August 23, 2018, Judd pled guilty to criminal possession of a weapon by a convicted felon. The district court sentenced Judd to an 18-month probation term with an underlying 15-month prison term. While on probation, Judd stipulated to violating his probation and received a three-day jail sanction.

1

In May 2019, Judd stipulated to additional violations of his probation. The district court bypassed intermediate sanctions and revoked Judd's probation after finding that his welfare would be better served by serving a prison sentence. The district court found that Judd had a long-term history of drug use and opportunities for treatment did not assist in reforming Judd—he continued to commit crimes after going through treatment on multiple occasions. The district court also noted that Judd failed to comply with the probation terms. The district court imposed the underlying 15-month sentence. At the same hearing, the district court imposed a 28-month prison sentence on Judd in a separate case, No. 19CR291. The district court ordered Judd to serve these sentences concurrently.

On appeal, Judd contends the district court abused its discretion by imposing his original underlying sentence rather than a lesser sentence. See K.S.A. 2018 Supp. 22-3716(c)(1)(E) (Upon revocation, the district court has jurisdiction to modify a sentence by allowing the court to impose the underlying sentence *or any lesser sentence*.); *State v. McGill*, 271 Kan. 150, 153-54, 22 P.3d 597 (2001) (A sentencing court may impose the underlying sentence *or any lesser sentence* upon revocation of the defendant's probation.).

An appellate court reviews the district court's decision to grant or deny a defendant's request for a lesser sentence for an abuse of discretion. See *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017), *rev. denied* 307 Kan. 992 (2018). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting an abuse of discretion bears the burden of establishing it. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

Judd fails to present any facts that support an abuse of discretion finding. The district court revoked Judd's probation pursuant to K.S.A. 2018 Supp. 22-3716(c)(9).

2

Both Judd and the State agree that he violated his probation. Judd requested that the district court impose a graduated sanction rather than impose the underlying sentence. Once the district court announced its decision to revoke, however, Judd did ask the district court to modify the previously imposed sentence by reducing the term of imprisonment.

Had Judd requested a lesser sentence, the district court had reason to deny the request. During the probation revocation hearing, the district court noted that Judd had squandered his chance for treatment while on probation. The State noted there was a nine-month period where Judd's whereabouts were unknown and he did not comply with any of his probation terms. The district court adopted the State's arguments in deciding to revoke and impose the original prison sentence. On these facts, there is no basis to conclude that the district court abused its discretion by not reducing Judd's previously imposed sentence.

Based on a complete review of the record, there is factual and statutory support for the district court to have revoked Judd's probation and impose the previously ordered prison sentence of 15 months.

Affirmed.