NOT DESIGNATED FOR PUBLICATION

No. 123,365

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

TANNER LINN WHEELER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed October 8, 2021. Affirmed.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Alexander C. Driskell*, assistant county attorney, *Jeffrey Ebel*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and HURST, JJ.

PER CURIAM: Tanner Linn Wheeler stipulated to violating his probation in five criminal cases by pleading no contest to new crimes in two other criminal cases. Wheeler requested that upon revocation of his probation, his prison sentences for his earlier five cases be modified to run concurrently, rather than consecutively. The district court denied that motion. Wheeler appeals, arguing the district court abused its discretion in doing so. But based on our review, we find that the district court did not abuse its discretion so we affirm Wheeler's sentences.

1

*Procedural Background*

We set out Wheeler's lengthy criminal history because it sets the stage for the district court's decision on appeal. In September 2015, Wheeler pleaded no contest to aggravated assault in 15 CR 663. The assault involved Wheeler's brandishing a speargun toward two people, but as part of the plea agreement the State excluded "deadly weapon" language from the charge. On the same day that he entered this plea, Wheeler also pleaded guilty to one count of possession of methamphetamine in 15 CR 700. Less than five months later, Wheeler entered into an additional plea agreement that included two felony charges:  no contest to nonresidential burglary in 15 CR 1123 and guilty to possession of stolen property in 15 CR 1031.

In July 2016, the district court sentenced Wheeler in all the above-mentioned cases by imposing these prison sentences:  24 months in 15 CR 700; 16 months in 15 CR 663; 27 months in 15 CR 1123; and 12 months in 15 CR 1031. The district court ordered the sentences to run consecutive, then it suspended the prison sentences and ordered Wheeler to serve 24 months' probation after serving 60 days in the county jail. The court found Wheeler ineligible for S.B. 123 (2003) mandatory drug treatment.

Two months later, the State moved to revoke Wheeler's probation in these four cases, alleging Wheeler had failed to "[r]efrain from the possession or consumption of mood altering chemicals." The State alleged that Wheeler had arrived at the Community Corrections intake facility, had tested positive for methamphetamine, admitted to Community Corrections staff that he had consumed Ecstasy, became belligerent, and, after being transported to a facility with a detox bed, left the facility. The district court issued a bench warrant for Wheeler's arrest.

Two months later, the State filed a criminal complaint in 16 CR 1180 alleging that Wheeler had interfered with law enforcement by fleeing from an officer. Shortly

2

thereafter, the State filed an amended motion to revoke probation in all Wheeler's felony cases, alleging that he had failed to report to, or follow the recommendations of, his intensive supervision officer and had failed to comply with the recommendations of his drug and alcohol evaluation.

Wheeler eventually pleaded guilty to felony interference with law enforcement by obstruction of official duty in 16 CR 1180 and stipulated to having violated his probation in his other cases. In February 2017, the district court sentenced Wheeler in the interference with law enforcement case to 13 months in custody, suspended that sentence, and imposed 12 months of probation. The court ordered the sentence to run consecutive to Wheeler's sentences in 15 CR 1123 and 15 CR 1031. Additionally, the district court revoked, then reinstated Wheeler's probation for 24 months in 15 CR 663, 15 CR 700, 15 CR 1031, and 15 CR 1123.

Two weeks later, the State filed a new motion to revoke probation because Wheeler had committed new crimes—five days earlier Wheeler had pleaded no contest to a new charge of felon in possession of a firearm. At sentencing, the court denied Wheeler's motion for a dispositional departure and sentenced him to 19 months in custody. The court found Wheeler had violated his probation in his prior cases and ordered the sentence in the felon in possession of a firearm charge to run consecutive to 16 CR 1180, 15 CR 1123, 15 CR 1031, 15 CR 700, and 15 CR 663.

Wheeler appealed the probation revocations and on December 7, 2018, a panel of this court reversed and remanded, finding the State had failed to honor its plea agreement when Wheeler was sentenced in the felon in possession of a firearm case by failing to recommend that Wheeler's probation be reinstated in the other cases. *State v. Wheeler*, No. 118,274, 2018 WL 6427286, at *3 (Kan. App. 2018) (unpublished opinion). On remand, the district court followed the State's recommendation and imposed a 180-day

prison sanction and reinstated 24 months of probation for cases 15 CR 663, 15 CR 700, 15 CR 1031, 15 CR 1123, and 16 CR 1180.

In August 2019, after Wheeler was arrested on multiple charges, the State moved to revoke his probation in four cases (15 CR 663, 15 CR 700, 15 CR 1031, and 16 CR 1180) for violating the law, missing multiple meetings with his intensive supervision officer, not providing employment verification, missing multiple curfew checks, testing positive for methamphetamines multiple times, and failing to verify he had entered substance abuse treatment. The State later amended its motion to add Wheeler's fifth case—15 CR 1123—as a case in which to revoke probation.

Wheeler bonded out in January 2020 but failed to appear at his arraignment in February 2020, so the district court issued a bench warrant. In March 2020, the State filed a second amended motion to revoke probation, stating that Wheeler had failed to report to community corrections since his release in January. Soon after that, Wheeler was arrested on new charges including failure to appear, fleeing or attempting to elude a law enforcement officer, possession of methamphetamine, possession of drug paraphernalia, and obstruction. So the State filed a third amended motion to revoke Wheeler's probation citing his most recent arrest for new crimes.

On October 12, 2020, Wheeler pleaded no contest to the charges from his arrests in August and March and stipulated that he had violated probation in his five other cases for which he was on probation at the time. The court sentenced Wheeler to 16 months and 14 months in custody, respectively, in his two new cases and ordered those sentences to run consecutive to 15 CR 663, 15 CR 700, 15 CR 1031, 15 CR 1123, and 16 CR 1180.

Wheeler was thus facing 122 months in prison, without including time served or potential good time credit. His two new cases, 19 CR 705 and 20 CR 286, had a combined sentence of 30 months, and the sentences in Wheeler's five remaining

4

probation cases, which the court ordered to run consecutive to the two more recent cases, totaled 92 months.

*The Motion on Appeal*

That lengthy procedural background brings us to the motion giving rise to this appeal. A few days before the sentencing and revocation hearing, Wheeler moved to modify his sentence under K.S.A. 2019 Supp. 22-3716(c)(1)(C). He asked the district to make his sentences in 15 CR 663 and 15 CR 700 run concurrently, resulting in a 24-month sentence that his prior jail time would satisfy. He also asked that his sentences in 15 CR 1123, 15 CR 1031, and 16 CR 1180 run concurrently, resulting in a 27-month sentence that would run consecutive to the combined 30-month sentence imposed in Wheeler's two new cases. This would reduce Wheeler's prison sentence from 122 months to 57 months, a reduction of just over 5 years.

Wheeler's motion argued that these modifications were appropriate because his felonies were lower level, he had a significant substance abuse issue throughout his criminal history, and he was 24 years old when sentenced. Wheeler argued that over the last few years he had been in and out of prison, making it difficult to participate in a substance abuse treatment program. Wheeler also argued that a shorter sentence would reduce the time he had to wait before entering the more substantial treatment programs in postrelease that are not are available in prisons. Finally, Wheeler argued that his prior crimes do not show he is a threat to the public.

At sentencing, Wheeler explained that he was ineligible for mandatory drug treatment. He asked the sentencing court to modify his sentences, enabling him to seek out postrelease treatment options sooner.

5

The State objected to a sentence modification, arguing that Wheeler had committed seven felonies in five years and had violated his probation numerous times. The court agreed and denied Wheeler's motion for modification:

"[Y]ou have been given numerous opportunities by the Courts, by the various Judges handling your cases, allowing you every opportunity to get the treatment that you needed, to be on probation, rather than going to prison. But you simply did not abide by the terms and conditions of probation, and just continued to accumulate new cases."

Wheeler appealed that denial, and we consolidated his cases on appeal.

*Did the District Court Abuse Its Discretion by Denying Wheeler's Motion to Modify His Sentences?*

Wheeler argues that the district court abused its discretion by denying his motion to modify his sentences. Trial courts have the discretion, under K.S.A. 2016 Supp. 22-3716(c)(1)(E), "to modify a defendant's original sentence upon revoking probation by imposing a lesser sentence." *State v. Weekes*, 308 Kan. 1245, 1247, 427 P.3d 861 (2018); see *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001). A district court may order a probationer "to serve the sentence imposed, or any lesser sentence." K.S.A. 2016 Supp. 22-3716(c)(1)(E). Any district court "decision on whether to impose a lesser sentence when revoking probation is discretionary." *State v. Lutchka*, No. 120,877, 2020 WL 1814293, at *2 (Kan. App.) (unpublished opinion), *rev. denied* 312 Kan. 898 (2020). Abuse of discretion occurs "'(1) if no reasonable person would have taken the view adopted by the trial court; (2) if the judicial action is based on an error of law; or (3) if the judicial action is based on an error of fact.'" *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The burden of proof is on the party asserting that an abuse of discretion occurred. *State v. Smith-Parker*, 301 Kan. 132, 161, 340 P.3d 485 (2014).

Wheeler's only argument is that no reasonable person would take the view of the district court. While acknowledging that the district court is not *required* to impose a lesser sentence, Wheeler reiterates his previous arguments:

- he is young;
- he is a drug addict;
- he was unable to receive proper drug treatment while on probation;
- he was ineligible for mandatory treatment under S.B. 123;
- his felonies were low-level crimes;
- his only drug related felony (possession of methamphetamine in 15 CR 700) "involved a miniscule amount";
- a shorter sentence would reduce the time before he gains access to postrelease drug treatment; and
- a reduced sentence would serve the goals of retribution and deterrence while also striking at the root of his criminal behavior, citing *State v. Mossman*, 294 Kan. 901, 920-21, 218 P.3d 153 (2012).

Wheeler is young, but old enough to understand the consequences of his repeated criminal actions. He argues that he was unable to receive proper drug treatment, but he fails to note that he walked out of drug treatment and had many opportunities to succeed on probation. Wheeler also contends his felonies were low level, but one involved brandishing a speargun at two people, and he repeatedly committed serious crimes— seven felonies in five years. Having reviewed all the facts of record, we have no trouble finding that a reasonable person could have denied Wheeler's motion to reduce his sentence from 122 months to 57 months. The district court did not abuse its discretion.

Affirmed.