NOT DESIGNATED FOR PUBLICATION

No. 128,550

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ALEX JOHN COOK-MYHER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; ANDREA SWISHER, judge. Opinion filed January 30, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Alex John Cook-Myher, in his timely appeal, claims the district court abused its discretion when it revoked his probation and did not reduce the combined sentence in three of his cases from 45 months' imprisonment to 23 months' imprisonment based on his negotiations with the State. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond. Finding no abuse of discretion by the district court, we affirm.

In April 2020, Cook-Myher pled no contest to one count of possession of methamphetamine in 19CR951. The district court released Cook-Myher on pretrial bond supervision, but he failed to appear for sentencing. The State charged Cook-Myher in

1

20CR886 with aggravated failure to appear in 19CR951. Cook-Myher was later found and remained in custody until his sentencing hearing.

The district court sentenced Cook-Myher in 19CR951 to 18 months' presumptive probation with mandatory drug treatment and an underlying prison sentence of 17 months. The district court also released Cook-Myher on bond in 20CR886 and ordered jail transportation to take him directly to a drug treatment facility. Probation did not go well.

The State filed a motion to revoke probation, alleging Cook-Myher failed to complete the treatment program at the facility and failed to report to community corrections. Before the motion was set for hearing, the State charged Cook-Myher in 23CR254 with possession of methamphetamine as well as two misdemeanor violations and a traffic infraction.

Cook-Myher pled no contest in 20CR886 and 23CR254. As a result, the district court found Cook-Myher violated the terms of his probation in 19CR951, ordered a 3-day jail sanction, and revoked and reinstated probation for a term of 18 months. In July 2023, the district court sentenced Cook-Myher in 20CR886 to 12 months' presumptive probation with an underlying prison sentence of 8 months and, in 23CR254, granted a dispositional departure to 12 months' probation with an underlying prison sentence of 20 months. All three sentences were to run consecutive for a total underlying prison sentence of 45 months.

In April 2024, with Cook-Myher's new probation orders in place for his three cases, the State filed another motion to revoke probation in each case, citing his failure to:

- comply with the Saline County drug court program;

- submit to all required urinalysis tests;

- stop using drugs or alcohol; and

- not violate the law, based on his pending charges in two new cases.

In exchange for Cook-Myher's guilty pleas in the two new cases, the State agreed to recommend Cook-Myher's sentences in the three probation revocation cases be reduced to 23 months' imprisonment under *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001) (district court may impose lesser sentence upon revoking probation).

The district court held a combined probation revocation and sentencing hearing related to all five cases. Cook-Myher waived his right to a hearing on the State's motion to revoke probation and stipulated to the probation violations. The district court revoked Cook-Myher's probation based on his stipulations, which included new crimes. The district court granted a *McGill* modification, allowing 23CR254 to run concurrent to 19CR951 and 20CR886, rather than consecutive, making the controlling sentence 25 months' imprisonment rather than 45 months' imprisonment. The 25-month prison term was ordered to run consecutive to the sentences in his two new cases.

On appeal, Cook-Myher presents no argument that his probation was improperly revoked and only challenges the length of the sentence imposed upon revocation of his probation. Cook-Myher's limited argument asserts the district court abused its discretion in ordering him to serve a modified reduced sentence of 25 months' imprisonment rather than the 23 months' imprisonment he negotiated. Cook-Myher explains his stipulations saved the parties and the court time and effort and the State agreed to recommend his sentence be reduced from 45 months to 23 months' imprisonment. Cook-Myher justifies his argument by claiming the additional two months would allow him to pursue drug treatment earlier.

A district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Cook-Myher bears the burden to establish such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, the district court made no error of law or fact, and its decision was not arbitrary, fanciful, or unreasonable. Once a probation violation has been established, the district court can impose the original underlying sentences "or any lesser sentence." K.S.A. 22-3716(c)(1)(C); *State v. Weekes*, 308 Kan. 1245, 1247-48, 427 P.3d 861 (2018). The district court acted within its statutory authority and sound discretion to limit Cook-Myher's sentence reduction in the combined cases of 19CR951, 20CR886, and 23CR254 to 25 months' imprisonment.

Affirmed.