NOT DESIGNATED FOR PUBLICATION

No. 129,141

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOEL A. DAVIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Rice District Court; LEVI MORRIS, judge. Opinion filed February 20, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ISHERWOOD, P.J., CLINE and COBLE, JJ.

PER CURIAM: Joel A. Davis appeals the revocation of his probation and imposition of his original prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State responded that the district court's decision to revoke probation was reasonable and fully supported by the record. Finding no abuse of discretion, we affirm.

In September 2024, after plea negotiations with the State, Davis pleaded no contest to two counts of felony possession of methamphetamine. Under the plea agreement, the State agreed to join Davis' request for the district court to make border box findings and place Davis on probation for 12 months, but advised defense counsel that given Davis' extensive drug related criminal history, it would request imposition of

1

the prison term if Davis returned to court on a probation violation. For the underlying sentence, the State intended to request an upward durational departure on the base sentence and ask that the two sentences be ordered to run consecutive. Because of Davis' decades-long criminal history, the State consented to probation only because Davis was successfully progressing in drug treatment and he agreed to an underlying combined prison term of 60 months. The district court accepted the plea and sentenced Davis according to the parties' recommendation.

Three months after sentencing, a warrant was issued that listed multiple transgressions to allege that Davis violated his probation: (1) new arrest for possession of methamphetamine; (2) admission to ingesting Sudafed; (3) tested positive for methamphetamine and amphetamines on more than one occasion; (4) admitted to use of methamphetamine and amphetamines; and (5) failing to report for an assessment as directed.

The district court conducted a hearing on the matter and Davis stipulated to each of the violations in exchange for the State's assurance it would dismiss Davis' new case for methamphetamine possession. The State provided the district court with a chronology of Davis' prolonged battle with methamphetamine specifically, and a list of his corresponding offenses. True to its word during earlier negotiations with defense counsel, the State requested revocation of Davis' probation and imposition of his prison term.

Defense counsel called the assistant director of Omega Project, an 18-month Christian residential recovery program, to testify and inform the district court how it could offer a beneficial resource for Davis. He explained that Davis qualified for immediate acceptance into its program and that it could also assist him with securing employment. Following that testimony, counsel advised the judge that Davis took the initiative to pay for and schedule a new drug evaluation and there would also be space available for him the following month at an inpatient treatment facility in Dodge City. He

acknowledged Davis' extensive drug related history but nevertheless requested reinstatement and an extension of probation. Defense counsel proposed allowing Davis to avail himself of the Omega Project program until a bed was available at the Dodge City facility, at which point his supervision could be transferred to that jurisdiction. Counsel requested, to the extent the judge was not inclined to reinstate Davis' probation, that his underlying prison term be modified.

The district court recognized Davis' considerable history and acknowledged the remarkable struggle he endured as a result of his methamphetamine addiction, but also opined that "more than an adequate number of opportunities at treatment, sobriety, recovery, [and] probation" were commensurate with that history. The district court declined to reinstate probation, rejected counsel's sentence modification request, and imposed Davis' underlying sentence.

Davis timely brought his case before this court and requested that we analyze the decision of the district court to determine whether its refusal to reinstate his probation or, in the alternative, impose a reduced prison term, constitutes an abuse of discretion.

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see also K.S.A. 22-3716 (graduated sanctions must be ordered before revocation in most instances). Appellate courts review the revocation of an offender's probation for an abuse of discretion. 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would take the view adopted by the district court; (2) it is based on an error of law, i.e., if the discretion is guided by an erroneous legal conclusion; or (3) it is based on an error of fact, i.e., substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Bilbrey,* 317 Kan. 57, 63,

3

523 P.3d 1078 (2023) (citing *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 [2021]). The party asserting an abuse of discretion bears the burden of demonstrating that such abuse occurred. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024). If error is established, the party benefiting from the error must persuade us that there is no reasonable probability the error affected the outcome of the case given the entire record. *State v. Lowery*, 308 Kan. 1183, 1235, 427 P.3d 865 (2018).

Davis does not allege that the district court's decision was either factually deficient or legally infirm. He instead challenges the reasonableness of the district court's decision to revoke his probation and impose his underlying prison sentences under circumstances that afforded him immediate access to a residential treatment facility. It is Davis' position that directing him to complete the Omega Project program would be far more beneficial than prison in helping him overcome his addiction and would ultimately result in a greater benefit to society as a whole because he would learn to manage his addiction.

We are not unsympathetic to Davis' situation. But the rollercoaster of addiction is clear from Davis' record, dating back to 2014. Thus, drug treatment has been a requirement for Davis' participation with probation for over a decade. His most recent successful completion of court-ordered drug treatment occurred between his arrest and plea hearing in this case, but once he returned to probation, he again succumbed to the hold methamphetamine has on his life and violated his probation. We understand that Davis likely has good intentions with respect to treatment but, as reflected in the record before us, those good intentions have not yielded lasting change. Accordingly, we decline to find that the district court's refusal to allow Davis to pursue that path yet again was arbitrary or unreasonable.

Davis asserts that the district court's abuse of discretion is not confined to the treatment issue but is also evident in its refusal to modify his underlying prison term. See K.S.A. 22-3716(c)(1)(C) (allowing the district court to revoke probation and require the

4

offender to serve the sentence imposed, or *any lesser sentence*); see also *State v. McGill*, 271 Kan. 150, 154, 22 P.3d 597 (2001) (Under the plain language, "any lesser sentence" means that the district court, upon revoking probation, may impose a lesser sentence.). When faced with that proposition at the revocation hearing by defense counsel here, the district court correctly recounted that the State only agreed to probation in the first place because of the prospect for a 60-month underlying prison sentence. Or stated another way, on Davis' ninth methamphetamine related conviction, he agreed to the underlying sentence when he pleaded guilty. Davis received the benefit of the bargain—a chance at probation. The district court's refusal to eliminate the State's concession by granting Davis a modified term was not arbitrary or unreasonable.

Affirmed.