NOT DESIGNATED FOR PUBLICATION

No. 126,679

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERIC D. LIPP,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; PEGGY C. KITTEL, judge. Submitted without oral argument. Opinion filed November 8, 2024. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Jon Simpson*, senior assistant district attorney, *Suzanne Valdez*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., MALONE and SCHROEDER, JJ.


PER CURIAM: Eric D. Lipp appeals the district court's revocation of his probation and imposition of his underlying prison sentence. He argues the district court abused its discretion by misapplying the law in two ways: (1) Based on a remark at his probation violation hearing, he contends the district court did not understand its power to reduce his underlying sentence when it revoked his probation, and (2) the district court should have imposed an intermediate sanction rather than revoking his probation.

1

Lipp has failed to persuade us that the district court erred. After a careful review of the record, we see no error and therefore affirm Lipp's sentence.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2012, Lipp pled no contest to one count of criminal threat, a level 9 person felony, and two counts of aggravated assault, a level 7 person felony. The conduct that led to these convictions occurred on May 1, 2012, and June 28, 2012.

Lipp was sentenced on August 3, 2012. The district court followed the recommendations of his plea agreement and imposed a 27-month prison sentence, which amounted to 21 months for the aggravated assault convictions, and 6 months for the criminal threat conviction run consecutive to the sentence for his two aggravated assault convictions. Because Lipp fell into a presumptive probation border box, it suspended the prison sentence and imposed 24 months' probation.

On August 1, 2013, the State filed an affidavit which alleged that Lipp had violated the terms of his probation. The affidavit stated Lipp had no contact with his probation officer since May 2, 2013—despite efforts by the officer to contact Lipp—and Lipp had made no payments towards his court costs since February 2013. Lipp was ordered to appear in court to answer the affidavit but failed to do so.

Lipp eventually appeared for a probation violation hearing on January 8, 2016. Meanwhile, his probation officer had filed two more affidavits which alleged Lipp violated the terms of his probation in the second year of his probationary term by being arrested in two counties for committing new crimes, failing to remain drug free, and failing to report to his probation officer. Lipp had also twice failed to appear for previously scheduled probation violation hearings.

Lipp stipulated to all allegations in his probation officer's affidavits. The State informed the district court that on August 6, 2015, Lipp was convicted in Riley County of a drug offense, which he had committed on August 6, 2014. The Riley County District Court ordered Lipp's prison sentence for his Riley County conviction to run consecutive to a sentence Lipp received for separate charges in Shawnee County and his sentence for the three charges at issue here. The State anticipated Lipp would ask the court to order his prison sentence in this case be run concurrent with his sentence in Riley County, based on questions by Lipp in an earlier proceeding. The State said this was not possible and asked the court to revoke Lipp's probation and remand him to serve his prison sentence.

As anticipated, when the district court allowed Lipp to make a statement in mitigation before the disposition of his probation violation, Lipp asked the court to run his prison sentence in this case concurrent to his Riley County sentence. Lipp told the court:

> "I'm currently serving 142 months for a Riley County case. It was a non violent—it was a drug offense. It was actually possession with intent to distribute methamphetamine, and I'm currently serving 142 months.
>
> "But not only that, Your Honor, even after that, I have three years of post-release. And on top of that, I have 15 years of registration, so I'm looking at potentially around about 27 to 30 years of being in some sort of having to answer to someone.
>
> "I'd just ask if the court might consider, if you can, to run this concurrent to my current DOC time."

The court concluded it lacked authority to change another judge's sentence in another county. While revoking Lipp's probation, the court explained:

> "Well, I agree with your attorney's legal assessment of your situation. Our case was first, so anything that came after is consecutive to our case, and I have no authority or jurisdiction to change another judge's sentence in another jurisdiction.

"And I sympathize with you that you've got this lengthy road ahead of you, but that is out of my control. And unfortunately, this was all in your control because you were granted probation here. And yet, while you were given that grace of the court and not sent to prison, and you continued to re-offend, which led you to be in the position you're in now."

The court revoked Lipp's probation and imposed the underlying sentence.

In July 2023, Lipp wrote a letter to the district court asking for appointed appellate counsel and filed a motion to file an out-of-time appeal. The court acknowledged that Lipp had timely appealed and appointed the Kansas Appellate Defender Office to represent him.

## REVIEW OF LIPP'S APPELLATE CHALLENGES

*Did the district court abuse its discretion and misunderstand its legal authority when it imposed Lipp's prison sentence?*

Lipp contends on appeal that he asked the district court to mitigate his prison sentence, but the court mistakenly stated on the record that sentencing mitigation was not within its control. A review of the record reveals Lipp misconstrues both his request and the district court's response.

### Standard of review

Once a probation violation is established, the district court generally has discretion to revoke probation and impose the original sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court reviews the district court's decision to revoke probation to determine if the district court abused that discretion. A court abuses its discretion if the judicial decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. Lipp, as the

4

party challenging the court's decision, bears the burden of establishing abuse of discretion. 315 Kan. at 328.

*Preservation*

Lipp argues his request to the district court to mitigate his sentence during his probation revocation hearing preserved this issue for appellate review. But, as explained later, Lipp overstates the request he made to the district court. In any event, Lipp also argues that even if the issue is not preserved, we should consider his argument under recognized exceptions to our general rule that issues not raised before the district court generally cannot be raised on appeal. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022). These exceptions include: (1) The newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case; (2) consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights; and (3) the district court was right for the wrong reason. *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). Lipp argues the first two exceptions apply.

Since our court has exercised its discretion to consider the same question Lipp raises here under these exceptions, we will do the same. *State v. Cisneros*, 42 Kan. App. 2d 376, 379, 212 P.3d 246 (2009).

*The district court understood its legal authority and it had the discretion to impose his full underlying sentence.*

Neither party disputes that the district court had the discretion under K.S.A. 22-3716 to mitigate Lipp's prison sentence upon revoking his probation. That said, Lipp contends the district court's remark at his hearing—when it said, "'I sympathize with you

5

that you've got this lengthy road ahead of you, but that is out of my control'"—shows the court did not know it had this authority.

Lipp likens his case to the situation in *Cisneros*, a case where our court found the district court erred when it expressed a belief at Cisneros' probation violation hearing that it did not have the power to reduce his prison sentence. 42 Kan. App. 2d at 381. In that case, the district court said: "'When the suggestion was made earlier about a lesser sentence, I don't have the power to lower the 155 months that Judge Dowd gave. That is not within my power here.'" 42 Kan. App. 2d at 380. We pointed out in *Cisneros* that K.S.A. 22-3716(b) does not mandate the district court to expressly consider on the record whether the defendant's sentence should be modified when the issue is not raised at the probation violation hearing. But, when the issue is raised, it is error for a district court to state a belief that it has no power to modify the probationer's underlying sentence. 42 Kan. App. 2d at 380.

The key difference between *Cisneros* and Lipp's case is the court in *Cisneros* explicitly stated it could not reduce Cisneros' underlying 155-month prison sentence. 42 Kan. App. 2d at 380. We do not read the court's comments in Lipp's case the same way. As noted above, before the district court made its remark, attorneys for both parties had discussed the impact of Lipp's Riley County sentence. Then, Lipp specifically asked the court to run his underlying sentence concurrent to his Riley County sentence. The district court was responding to Lipp's request when it said, "that is out of my control," explaining it had "no authority or jurisdiction to change another judge's sentence in another jurisdiction."

Lipp acknowledges the district court lacked authority to run his underlying sentence concurrent with the Riley County one. Instead, he contends the court should have construed Lipp's request as one to *mitigate* his sentence and then consider whether to mitigate Lipp's underlying sentence in such a way to achieve the same result:  That is,

6

mitigate Lipp's underlying sentence so that it would effectively run concurrent with the Riley County sentence.

As the State correctly argues, Lipp cites no authority to support his claim that the district court should not have taken Lipp's request at face value—especially when both Lipp and his counsel had only discussed running the sentences concurrent. And, as the State also notes, the only way the district court could have achieved the same result through sentence modification would be to effectively impose no prison sentence at all by reducing Lipp's sentence to time served. But, as explained below, after Lipp stipulated to violating his probation, the district court had discretion to revoke his probation and impose his prison sentence.

In his reply brief, Lipp emphasizes that we should pay attention to the words the district court used. While this is true, as the State points out, "[t]he context of the district court's statement is important." *State v. Carrillo*, No. 124,298, 2022 WL 2286923, at *5 (Kan. App. 2022) (unpublished opinion). When viewing the court's remark in context, it is clear the court was not speaking about a reduction in Lipp's sentence but was instead expressing empathy for Lipp's situation caused by a sentence in a later case, in a different county. We do not construe the court's comment as revealing a misunderstanding of the court's legal authority nor do we believe the court improperly used its authority when imposing Lipp's sentence. We therefore affirm the court's decision to impose Lipp's underlying sentence.

*Did the district court abuse its discretion by imposing the underlying prison sentence for the criminal threat count rather than imposing an intermediate sanction for the probation violations?*

Both parties agree the district court incorrectly imposed a unitary 24-month probation for all Lipp's offenses, which conflicted with the principle articulated in *State v. Baker*, 56 Kan. App. 2d 335, 429 P.3d 240 (2018). As we explained in *Baker*,

7

"[p]robation is tied to a conviction for a particular charge or crime. In a multiple conviction case, a district court must impose a specific term of probation for each conviction." 56 Kan. App. 2d 335, Syl. ¶ 2. The parties also agree the correct probationary term for Lipp's secondary conviction, criminal threat, was 12 months. And they agree this means the district court could only consider the violations Lipp committed during those first 12 months of probation when deciding whether to revoke his probation for that conviction. But they disagree on how these facts shape the outcome of Lipp's case.

According to Lipp, the only disposition the district court could have legally imposed for the violations that occurred during the first 12 months of his probation were intermediate sanctions. But the State maintains the district court was not bound by the statutory limitations Lipp invokes.

*Standard of review*

Lipp's arguments involve both statutory interpretation—over which we have unlimited review—and the district court's discretionary decision to revoke his probation and impose the underlying sentence for his secondary count of conviction. *State v. Coleman*, 311 Kan. 332, 334-35, 460 P.3d 828 (2020). As with the first issue, we review the district court's decision to revoke Lipp's probation to determine if the district court abused its discretion. *Tafolla*, 315 Kan. at 328.

*Preservation*

Lipp argues the district court imposed an illegal sentence in violation of K.S.A. 22-3716(c). While he admits he did not raise this issue below, he correctly argues we can consider it on appeal because an illegal sentence claim "can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309

8

Kan. 992, 995, 441 P.3d 1036 (2019); see also K.S.A. 22-3504(a) (an illegal sentence can be corrected "at any time while the defendant is serving such sentence").

*The district court could properly revoke Lipp's probation, and it was not required to impose an intermediate sanction.*

Until July 1, 2013, district courts had the discretion to revoke probation and impose the underlying sentence when a defendant violated probation. But as of that date, the Legislature limited that discretion. The new statute, first published at K.S.A. 2014 Supp. 22-3716(b) and (c), now requires, with certain exceptions, a district court to impose intermediate sanctions before ordering a defendant to serve the underlying sentence. *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). But the Legislature specified the probation sanction scheme applies to violations occurring *after* July 1, 2013. K.S.A. 2014 Supp. 22-3716(c)(12).

Lipp began violating his probation in February 2013 when he stopped making payments towards his court costs. He then began committing more violations in May 2013 when he ceased contact with this probation officer. By its plain language, the probation sanction scheme does not apply to the violations he committed before July 1, 2013. See *State v. Kurtz*, 51 Kan. App. 2d 50, 57, 340 P.3d 509 (2014) (finding the 2013 probation sanction statute did not apply because the probationer violated his probation in June 2013, and the 2013 amendment only applies to violations committed after July 1, 2013).

Lipp tries to get around this deadline by arguing the State filed its affidavit in August 2013, alleging violations that continued up to the date of that filing. But the date of the affidavit's filing is not dispositive. And while Lipp's other violations after July 1, 2013—his continuing failure to report or pay court costs and also commission of new crimes—provided alternate grounds to support the court's decision that he violated his

probation, the violations he committed before July 1, 2013—which he stipulated to—provided a sufficient basis to support the court's decision.

Lipp reads the district court's comments at his probation violation hearing to mean that its primary reason for revoking his probation was the new crimes he committed after July 1, 2013. But Lipp views the district court's reasoning too narrowly. While the court mentioned that Lipp re-offended when rendering its decision, it also mentioned that he did not report, which was one of his pre-July 1, 2013 violations. And based on *State v. Skolaut*, 286 Kan. 219, 182 P.3d 1231 (2008), the State contends that, "[t]hough the court had no authority to consider Lipp's new crimes, drug use, or other second-year violations during his hearing's violation stage, it *did* have that discretion at the disposition stage."

Our Supreme Court examined a court's jurisdiction to consider post-probationary-period conduct in probation violation proceedings in *Skolaut*. There, it explained probation violation proceedings advance in two stages: (1) a violation stage which, if a violation is established, proceeds to (2) the disposition stage, which is where the penalty for the violation(s) is determined. 286 Kan. at 228-29. It then held that while post-probationary-period conduct cannot be considered by the court during the violation stage, it can be considered during the disposition stage if a violation is established. 286 Kan. at 234. Similarly, we agree with the State and find that while the district court could not consider Lipp's conduct in his second year of probation in determining whether he violated his probation, once it determined Lipp violated his probation within the first year, it could consider conduct in his second year when dispensing a penalty for Lipp's violation. So it was not error for the court to consider Lipp's commission of new crimes—along with his failure to report and pay court costs—when imposing Lipp's penalty.

Lipp has failed to show us the district court misunderstood its legal authority or abused its discretion when it revoked his probation and imposed the underlying six-month sentence for his secondary count of conviction. We therefore affirm its decision.

Affirmed.